Anderson Building, Loan Fund and Savings Association v. Thompson et al.

---

No. 8932.

ANDERSON BUILDING, LOAN FUND AND SAVINGS ASSOCIATION v. THOMPSON ET AL.

SATISFACTION OF MORTGAGE.—*Power of Court.*—*Entry of Satisfaction.*—When it appears in a suit for the foreclosure of a mortgage, that such mortgage ought to be entered satisfied, and the court has so found and determined, it is within the equitable power of the court to order and direct its clerk to enter satisfaction of such mortgage on the record thereof, in the recorder's office of the proper county.

SAME.—*Judgment.*—*Effect of Appeal.*—In such case an appeal from the judgment, with notice thereof, would not alone stay proceedings under the judgment, or prevent the clerk from making such entry of satisfaction.

From the Madison Circuit Court.

*H. D. Thompson, C. L. Henry* and *W. S. Diven,* for appellant.

*C. D. Thompson,* for appellees.

HOWK, J.—The only question presented for decision by the record of this cause and the errors assigned thereon is this: Does the complaint of the appellant, the plaintiff be-

low, state facts sufficient to constitute a cause of action against the appellees, or either of them?

The complaint was in form a petition, addressed to the judge of the circuit court, wherein the appellant represented, in substance, that on the first day of December, 1875, the appellee Calvin D. Thompson procured a loan of two thousand dollars from the appellant, and executed to it his note for that sum; that on December 7th, 1875, the said Calvin D. and Sallie Thompson executed to appellant their mortgage on certain real estate, particularly described, in the city of Anderson, in Madison county, as security for the payment of said note, which mortgage was recorded in the recorder's office of said county on December 17th, 1875; that said note had never been paid, and said mortgage had never been foreclosed; that on May 17th, 1878, the appellant commenced its suit, in the court below, against the said Calvin D. and Sallie Thompson, who were, at the time of executing the mortgage and since, husband and wife, for the foreclosure of said mortgage; that such proceedings were had in said cause that, at the December term, 1879, of said court, to wit, on January 20th, 1880, a judgment was rendered therein against the plaintiff, and in favor of the defendant, for the sum of $ ——, and costs of suit taxed at $ ——; that in said judgment, and as a part of it, were these words, to wit, "and the clerk of this court is ordered to enter of record such satisfaction;" that, by virtue of these words, satisfaction of said mortgage was entered in the recorder's office of said county as thereinafter stated, at which date and time the defendants in said cause were notified that the plaintiff therein would take the case on appeal to the Supreme Court of the State; that, in pursuance of said notice, and of the statute in such cases provided, the plaintiff, on February 10th, 1880, procured from the clerk of said court a full transcript of the judgment and proceedings in said cause; that, on the 11th day of March, 1880, the plaintiff entered an assignment of errors on said transcript, and the defendants made their joinder on the

same day, and, on the 4th day of March, 1880, the transcript was filed in the clerk's office of the Supreme Court.

And the plaintiff further said, that in said judgment there was no foreclosure of the mortgage, nor had the debt secured thereby ever been paid; and that the defendants, combining and confederating with their co-appellee Jesse L. Henry, a clerk of said court, with the intent to cheat and defraud the appellant out of its debt, went to the office of the recorder of said county, on the 29th day of March, 1880, and upon the margin of the record of said mortgage made the following entry and satisfaction of record of said mortgage, to wit: "By order of the circuit court, in and for Madison county, Indiana, made at its December term, 1879, and entered of record in order-book No. 28, page 122, I, Jesse L. Henry, clerk of said court, hereby enter satisfaction of the annexed mortgage, and the same is hereby fully satisfied, March 29th, 1880. (Signed) JESSE L. HENRY, Clerk M. C. C."

And the appellant said, that, at the time the said entry was so made, all the appellees well knew that the said cause was so pending as above stated in the Supreme Court, and that said entry was so made for the purpose of enabling said Calvin D. Thompson to dispose of said mortgaged property, and thus defeat the collection of plaintiff's debt, as the said Calvin D. was then insolvent, and had no other property subject to execution out of which said debt could be made; that if said entry were permitted to remain in full force upon the record of said mortgage, the said Calvin D. Thompson and wife would be enabled to sell or encumber said real estate, and thus wholly defeat the collection of said note, and defraud the appellant out of its debt, which they would do unless prevented by the court. Wherefore the appellant prayed that the entry of said judgment of the court, as above described, might be so amended and corrected that the part thereof which ordered that satisfaction of record should be entered of said mortgage should be struck out therefrom; that the court would order and direct the clerk thereof to cancel the entry

Anderson Building, Loan Fund and Savings Association *v.* Thompson *et al.*

of satisfaction of said mortgage; that the said Calvin D. and Sallie Thompson might be enjoined from alienating or encumbering said real estate until the final determination of said foreclosure proceedings, and for costs and all other proper relief.

In their brief of this cause the appellant's counsel say: "The relief sought by the complaint was the correction of the judgment entry in No. 8542" (of this court), "and the expunging of the entry of satisfaction of the mortgage, as made by the clerk." Counsel concede in argument that the entry of satisfaction of the mortgage was made by the clerk of the court, "under a direction in the decree directing him so to do." It is claimed by the appellant's counsel, as we understand them, that this direction in the decree was erroneous, for the reason that the plaintiff in the foreclosure suit did not obtain a judgment of foreclosure, but that the defendants in that case obtained a judgment against the plaintiff for the discharge of the note and the satisfaction of the mortgage in suit. Upon this point counsel rely upon the provisions of the act of March 9th, 1861, which authorized and required the clerk of the court in which a mortgage had been foreclosed, whenever it appeared from the records of his office that the entire mortgage debt had been paid and satisfied, to enter satisfaction of such mortgage on the record thereof, in the recorder's office of the proper county. Acts of 1861, p. 36; 2 R. S. 1876, p. 262, note *k*. It is manifest, however, from the allegations of the complaint in this case, that the statute relied upon has no direct bearing upon the question here presented; for the entry of satisfaction, as set out in the complaint, shows upon its face that the clerk of the court, in making such entry, did not act, nor profess to act, under the authority of the statute, but only under and by virtue of the order and judgment of the court.

We are of the opinion that in a suit for the foreclosure of a mortgage, whenever the court has determined and adjudged that the mortgage ought to be entered satisfied, it is competent for such court, independently of the statute, to order and

direct its clerk to enter such satisfaction on the record of the mortgage in the recorder's office of the proper county. Of course, where the plaintiff in the foreclosure suit in such a case appeals to this court from the judgment therein, he may procure a stay of all proceedings thereunder until the appeal is determined, either by filing an appeal bond under the order of the trial court, or, in a proper case, by procuring a *supersedeas* from this court. In the case at bar it is not claimed or pretended that the plaintiff in the original suit had obtained any stay of proceedings under the judgment therein in either of the modes prescribed by law, before the clerk of the court, in pursuance of its order, had entered satisfaction of the mortgage on the record thereof, in the recorder's office of the proper county. The mere appeal from the judgment, with notice thereof, would not stay proceedings under the judgment; and, therefore, it follows, as it seems to us, that the clerk of the court was fully authorized to enter satisfaction of the mortgage of record in pursuance of the order of the court. *Hayes* v. *Hayes*, 75 Ind. 395.

Our conclusion is, that the court did not err in sustaining the appellees' demurrers to the appellant's complaint.

The judgment is affirmed, with costs.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the November term, 1882.