STATE OF INDIANA, EX REL. WOODWARD, AUDITOR ET AL. *v.* SMITH ET AL.

[No. 12,485. Filed June 24, 1926.]

1. MORTGAGES.—*Clerk's failure to release school-fund mortgage after foreclosure sale of one of two tracts of land covered by it, and his embezzlement of such money, did not make the other tract liable for the payment of the debt.*—Where a school-fund mortgage covered two tracts of land, and the amount thereof remaining unpaid was realized from a foreclosure sale of one tract and paid by the sheriff to the clerk, the latter's failure to release the mortgage as required by §1181 Burns 1926, §1155 Burns 1914, and his embezzlement of the money did not make the other tract liable for the payment of such debt.    p. 60.

2. MORTGAGES.—*School-fund mortgage foreclosed in the circuit court is subject to same procedure as any other mortgage.*—A school-fund mortgage, when collected by foreclosure in the circuit court, is subject to the same procedure as any other mortgage.    p. 60.

3. MORTGAGES.—*Court may direct its clerk to enter satisfaction of mortgage that has been discharged by foreclosure.*—In a

proper proceeding for that purpose, the court may direct its clerk to enter satisfaction of a mortgage which has been fully discharged by foreclosure, as required by §1181 Burns 1926, §1155 Burns 1914. p. 60.

4. STATES.—*State having appeared to an action bound by orders and decrees made and rendered therein.*—The state having appeared to an action to which it was made a party, and filed an answer and a cross-complaint, it was *held* to have consented to be made a party to the action and was subject to the orders and decrees made and rendered therein. p. 60.

From Wells Circuit Court; *J. Walter Hamilton,* Judge.

Action by Jennie B. Smith against the State of Indiana on the relation of Wilson A. Woodward, auditor of Wells county, and others. From a judgment for plaintiff, the defendant named and others appeal. *Affirmed.* By the court in banc.

*Virgil M. Simmons,* for appellants.

*Charles E. Sturgis, Robert W. Stine* and *Elmore D. Sturgis,* for appellees.

NICHOLS, J.—Action by appellee Smith against appellants on a promissory note for $2,000 executed by appellees, Jessie Olive Kitchen, Ruth Annetta Roe and Masyl G. Baker, and to foreclose a mortgage securing the same on certain real estate situated in Wells county, Indiana, and which mortgage was executed by said appellees, Baker, Roe, Kitchen and their husbands. The relief sought by the action was a personal judgment against the payors of the note and decree of foreclosure of the mortgage as to all defendants, an order for the sale of the real estate described in the mortgage to satisfy the judgment, and to remove and cancel a judgment lien against the said real estate asserted by the State of Indiana for the use of the common school fund. There was a personal judgment for appellee against the makers of the note, and a decree foreclosing the mortgage, with further judgment that the judgment on the

school fund mortgage had been fully paid and an order that it be released of record. Appellant assigns as error the court's conclusions of law. It appears by the special findings, briefly stated, that on and prior to December 15, 1903, Emma I. High was the owner in fee simple of 94.5 acres of real estate in Wells county, Indiana, and on that date, she and her husband, Samuel D. High, executed their note to the State of Indiana for the use of the common school fund for the sum of $1,800, as evidence of a loan made from said school fund on said date, together with a school fund mortgage to secure the same. After the execution of said note and mortgage, Emma I. High died intestate, leaving as her only heirs at law, her husband, and three daughters, Jessie Olive Kitchen, Masyl G. Baker and Ruth Annetta Roe.

At the time of the death of the said Emma I. High, said note was unpaid and said mortgage was a first lien on said 94.5 acres of real estate, and remained unsatisfied.

Thereafter, an action for the partition of said land was commenced in the Wells Circuit Court, and prosecuted to final judgment, and 49.5 acres of said 94.5 acres were set off to the said Samuel D. High as his interest therein, and forty-five acres of said real estate were set off to said daughters as tenants in common and as their interest therein.

After said 49.5 acres of real estate were set off to said Samuel D. High, he executed his note for the sum of $2,000 to Albert H. Knight and Oris A. Knight, and, at the same time, his mortgage on said 49.5 acres of real estate to secure the payment of said note.

Thereafter, the State of Indiana, on the relation of Clement T. Kain, auditor of Wells county, commenced an action in the Wells Circuit Court for personal judgment on said note against said Samuel D. High and to

foreclose said school fund mortgage, making defendants to his said complaint the said High, the owner of said 49.5 acres, and the said daughters, the owners of said forty-five acres, and their husbands, and said Knights.

Cross-complaint was filed and issues made and joined in said foreclosure proceedings, and on April 20, 1917, a final judgment and decree was entered in said cause on the school fund note and mortgage foreclosing the mortgage and ordering the sale by the sheriff, first of the 49.5 acres, and if insufficient to pay and satisfy the school fund judgment, then to sell the forty-five acres. A personal judgment and decree of foreclosure was also rendered on the Knight note, and a decree foreclosing the mortgage on said 49.5 acres securing the note with priority in favor of the school fund judgment.

On May 26, 1917, appellees Jessie Olive Kitchen, Ruth Annetta Roe and Masyl G. Baker executed their note to Elizabeth Beeler for $2,000 and, on the same day, to secure the payment thereof, they and their said husbands executed their mortgage to said Elizabeth Beeler on said forty-five acres of real estate. This note and mortgage is the one sued on in this action. Interest was paid on said $2,000 note to May 26, 1924, and the principal of said note and the interest on the same after that date remained unpaid.

On November 13, 1922, said $2,000 note was, for a valuable consideration, assigned to appellee Smith.

On May 26, 1917, appellees Jessie Olive Kitchen, Ruth Annetta Roe and Masyl G. Baker paid to the clerk of the Wells Circuit Court $1,483.56, to apply on said school fund judgment, and said sum was receipted for and received by the auditor of Wells county, and was credited as part payment on said school fund judgment.

An order of sale was thereafter issued and delivered to the sheriff of Wells county, on the balance of said school fund judgment, and said 49.5 acres were sold

by said sheriff on July 28, 1917, to the said Albert H. Knight for $3,311.50, and the said sheriff, in satisfaction of said bid, permitted the said Albert H. Knight to receipt the said judgment obtained on the cross-complaint of Albert H. Knight and Oris A. Knight for $2,480.22, and received from the said Albert H. Knight, in money, $831.28, which was the entire balance due of principal, interest and costs on said school fund mortgage judgment. The sheriff issued a certificate of sale to the said Albert H. Knight, describing therein the land sold, which was the 49.5 acres owned by Samuel D. High. The sheriff of Wells county made due return of the writ and order of sale to the clerk of the Wells Circuit Court, and paid to said clerk the said sum of $831.28.

The said clerk, Herman F. Lesh, made no record of the receipt of said sum of $831.28, except that he recorded the certificate of sheriff's sale in the *lis pendens* record, and never at any time credited said judgment in favor of said school fund with said sum of $831.28, but appropriated said sum to his own use, and used the same for his own private purposes, and the State of Indiana, for the use of the common school fund, never at any time received any part of said sum of $831.28, and the said sum was never paid by said Herman F. Lesh to the auditor of Wells county, or to any successor of such auditor, and said sum of $831.28, as the court found, was wholly lost to the State of Indiana, and to the common school fund.

The merits of this appeal are clearly with appellee. The school-fund mortgage was duly foreclosed in the Wells Circuit Court and a portion of the land described therein was sold by the sheriff of Wells county, on a certified copy of the decree of foreclosure and order of sale to a purchaser who paid to the sheriff enough fully to satisfy the school-fund mortgage,

and receipted the sheriff for the balance bid by him, in payment of a junior lien which he held against the land sold. This, of course, was the equivalent of paying the full amount of the bid to the sheriff, and then receiving back so much as would satisfy his own junior lien. The sheriff was the proper officer, under the law, to receive the amount due on the school-fund mortgage, and, in turn, the clerk was the proper officer to receive from the sheriff such amount in full satisfaction of the school-fund judgment. Having so received it, it was the clerk's duty to release the mortgage as provided in §1155 Burns 1914, being §1181 Burns 1926. When a school-fund mortgage is collected by foreclosure through the circuit court, it is subject to the same procedure as any other mortgage. The fact that the clerk failed to release the mortgage, and embezzled the fund lawfully paid to him, cannot be charged to one who has paid such fund to the officer lawfully entitled to receive the same. There are other remedies against defaulting officers without resorting to the collection of the debt a second time from the party, or the assignee of the party, who has once paid it to the officer charged with its collection. The clerk having failed to release the mortgage as required by statute, it was wholly proper for the court, in a proceeding for that purpose, to direct the clerk to enter satisfaction. *Anderson Building, etc., Assn.* v. *Thompson* (1881), 87 Ind. 278. The auditor of Wells county is not a party to this action. The state is the party, and the auditor the relator. Under the circumstances of this case, there was no offense against the sovereign power of the state in making it a party to the action. *Hogston* v. *Bell* (1916), 185 Ind. 536, 112 N. E. 883. Having provided, as a means of collection, that its debt might be collected by the usual procedure of foreclosure in the circuit court, it appeared to this action and, without a suggestion that it might not be

sued herein, it answered in denial and affirmatively, and filed a cross-complaint, asking affirmative relief, and thereby, by fair implication, consented that it might be made a party to determine the priority of its lien, or as to whether its judgment had been satisfied in such foreclosure proceeding.

The court did not err in its conclusions of law.

Judgment affirmed.