NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, AP-
PELLEE, V. FRANK NORDHUES ET AL.: STATE OF NEBRASKA,
APPELLANT.

FILED JULY 2, 1935. NO. 29335.

*William H. Wright, Attorney General,* and *George W. Ayres,* for appellant.

*Fred C. Foster* and *Robert G. Fuhrman, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and CARTER, JJ., and MESSMORE and REDICK, District Judges.

DAY, J.

The Northwestern Mutual Life Insurance Company brought this suit to foreclose a mortgage against several defendants. The state of Nebraska was made a party defendant for that it had purchased from the mortgagor a part of the premises which it was using for a highway. The decree foreclosed the right, title, and interest of all defendants, including the state, in the mortgaged premises. It also decreed that a writ of assistance issue to the sheriff to place the purchaser in possession. The state appeals from this judgment.

The petition alleges that the owners of the land, the mortgagors, conveyed a part of the premises to the state of Nebraska more than two years subsequent to the execu-

tion, delivery, and filing of plaintiff's mortgage; that whatever interest the state may have is subject, junior and inferior to the lien of plaintiff's mortgage. The answer of the state challenged the jurisdiction of the court for that (1) the plaintiff has not been given legislative leave to sue the state; (2) the claim had not been presented to the auditor of public accounts; (3) the claim is not one founded upon contract, express or implied. The trial court overruled the state's challenge to the jurisdiction of the court, after which the state took no part in the trial of the case.

The state's power to acquire land for a state or federal highway is conferred by section 39-1403, Comp. St. 1929. It may appropriate and condemn for public use such real estate as is necessary in the manner provided for counties by sections 26-709 to 26-715, Comp. St. 1929. Section 26-709, Comp. St. 1929, provides that there shall be no appropriation of private property for public use "until full and just compensation therefor shall have been first made to the owner thereof." It is well settled in this state that the mortgagee is an owner of the land within the contemplation of such statutes. The word "owner" as used in the eminent domain statutes means any person who has an interest in the real estate. *Gerrard v. Omaha, N. & B. H. R. Co.*, 14 Neb. 270.

In *Omaha Bridge & Terminal R. Co. v. Reed*, 69 Neb. 514, it was held: "A mortgagee is an owner within the meaning of the statute providing for the taking of land under the power of eminent domain." See, also, *Board of Commissioners v. Northwestern Mutual Life Ins. Co.*, 114 Neb. 596, and *Dodge v. Omaha & S. W. R. Co.*, 20 Neb. 276.

A mortgagee is a necessary party in an action to condemn real estate for public use under the right of eminent domain. But the state did not bring an action under the eminent domain statutes. Instead, it purchased a part of the land, included in the plaintiff's mortgage, for the purpose of constructing a public highway. The plaintiff, the mortgagee, had no notice of the purchase or the construc-

tion of the highway. The plaintiff's mortgage was of record and in a condemnation proceeding the mortgagee was a necessary party. By purchase, the state did not acquire any interest as against the mortgagee. Actually, it purchased the right of way subject to the mortgage. However, the state as purchaser is entitled to possession of the premises.

It is argued that this is a suit against the state and cannot be maintained without its consent. Section 22, art. V of the Constitution, provides: "The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought." Under this provision no suit can ordinarily be maintained unless authorized by legislative provision. The state cannot be sued in its own courts without its consent. *State v. Mortensen*, 69 Neb. 376; *McShane v. Murray*, 106 Neb. 512; *McNeel v. State*, 120 Neb. 674; *Eidenmiller v. State*, 120 Neb. 430.

The state has in a measure waived its prerogative by section 27-319, Comp. St. 1929, which provides: "The several district courts of the judicial districts of the state as now provided for and established by the Constitution of the state, and of such judicial districts as may hereafter be provided by law, shall have jurisdiction to hear and determine the following matters: First. All claims against the state filed therein which have been previously presented to the auditor of public accounts, and have been in whole or in part rejected or disallowed. Second. All claims or petitions for relief that may be presented to the legislature, and which may be by any law, or by any rule or resolution of the legislature, or either house thereof, referred to either of said courts for adjudication. Third. Of all set-offs, counterclaims, claims for damages, liquidated or unliquidated, on the part of the state, against any person making a claim against the state, or against the person in whose favor such claim arose." Upon this statute the state based its challenge to the jurisdiction of the court. This is a suit to foreclose a mortgage against the state.

The state acquired legal title to a portion of the mortgaged premises subject, we think, to the mortgage. This case does not fall within the provisions of the general act providing for suits against the state and cannot be maintained thereunder. A suit to foreclose a mortgage involving real estate to which the state has legal title is one against the state which cannot be maintained without its consent. 59 C. J. 313; *Christian v. Atlantic & N. C. R. Co.*, 133 U. S. 233; *Hjorth Royalty Co. v. Trustees of University*, 30 Wyo. 309.

Section 21, art. I of the Constitution, provides as follows: "The property of no person shall be taken or damaged for public use without just compensation therefor." The interest of the mortgagee in real estate taken for public use is such property. In this connection, an interesting case is *Chick Springs Water Co. v. State Highway Department*, 159 S. Car. 481. It was held there that no legislative act was necessary to maintain an action against the state to recover just compensation for private property taken for a public purpose, since the constitutional provision was self-executing and itself gives sufficient consent to be sued. The argument of the opinion is that to hold that legislative permission to sue was necessary would enable the legislature to deny a constitutional right by failing or refusing to provide a remedy. We are impressed by the reasoning of this opinion and at the same time note that it does not find support in numerous authorities. After all, there is a distinction in that this is a suit to foreclose a mortgage and dispossess the state, while the South Carolina case was one at law for damages. The Constitution does not forbid the taking of the land but guarantees just compensation for the taking or damage. We are impelled by the great weight of authority to hold that this is a suit against the state which cannot be maintained without legislative permission. The judgment should be reversed and the suit dismissed as to the state.

REVERSED AND DISMISSED.