THE FEDERAL LAND BANK OF COLUMBIA, v. THE STATE ROAD DEPARTMENT OF FLORIDA and JACKSON COUNTY.

184 So. 125.
Division A.
Opinion Filed October 25, 1938.

*John H. Carter* and *John H. Carter, Jr.,* for Appellant;

*Richard P. Daniel, Frank Thompson* and *Richard Erwin,* for Appellees.

BUFORD, J.—The Federal Land Bank of Columbia took a mortgage, executed by the owner, on certain real estate to secure an indebtedness. The owner-mortgagor, after execution and delivery of the mortgage, executed a deed conveying a strip across the mortgaged property to the State of Florida for State road right-of-way.

The State Road Department constructed a State Highway upon the strip of land and it became used by the public as a public State Highway.

The mortgagor became in default and the Bank foreclosed, not making the State of Florida or the State Road Department a party defendant. After sale under foreclosure there remained a deficiency. Then Federal Land Bank of Columbia filed Bill to foreclose its alleged lien against the strip of land conveyed by the mortgagor to the State to enforce the payment of the deficiency. The State Road Department was made the sole defendant.

The Bill prayed:

"Your complainant prays, therefore, that this honorable court (1) ascertain the amount of compensation which is

due to your complainant for the taking and appropriation of the lands embraced within the said Highway, being State Road No. 52, as the same traverses the lands described in paragraph 2 hereof, together with compensation for the timber cut and removed therefrom, and for all cuts and excavations made on the said lands in the course of the construction and maintenance of the said highway across the said lands; (2) that such amounts as may be found due to your complainant be decreed to be a lien upon the lands lying with the limits of said State Road No. 52 as same traverses the lands aforesaid, and that the defendants be ordered and directed forthwith to pay the ———— same to your complainant, and that in default of such payment, within a short time to be fixed by the court, that the lands lying within the limits of the said highway or State Road No. 52, as same traverses the lands described in paragraph 2 hereof, be sold by this court, under the direction of the court, by a Special Master, at public auction, to the highest cash bidder, after such advertisement or notice of the sale as the court may direct, to satisfy the amount which may be adjudged due your complainant."

On motion timely made the Bill was dismissed and complainant appealed.

As Courts must not assume to enter vain and useless orders, the Bill was properly dismissed because the court was without power to enforce any decree it might have made pursuant to the prayer, or prayers, of the Bill. The public has acquired an easement for the use as a public highway, of the strip of land involved and it cannot be deprived of that use because of the alleged rights of an individual. The Constitution does not prohibit, but allows, the taking of private property for such public use as is here involved, and required that the taker shall make just compensation for the same. Declaration of Rights. Sec. 12.

The Complainant's cause of action, if it has a cause of action, is not to foreclose its alleged lien but is for damages occasioned by the injury to and impairment of the value of its security.

The question of taking private property without just compensation is not involved here as it was in the case of County of Hillsborough v. Kensett, 107 Fla. 237, 144 Sou. 393. In the instant case the allegations of the Bill of Complaint show that the involved right-of-way was acquired by conveyance from the owner. It, therefore, follows that the liability, if any, is not for the taking of private property without just compensation, but is for damages to property resulting in impairment of the value of the security held in the form of a mortgage lien.

The law applicable to the situation here is stated in the case of Schwing v. Miles, 367 Ill. 436, 11 N. E. (2nd) 944, 113 A. L. R. 1504. In that case it was held:

"A decree in a suit to foreclose a mortgage on land acquired by the State from one claiming title through proceedings alleged to have been ineffectual, to cut off the mortgage, while void as against the State in virtue of a constitutional inhibition of suits against the State, is valid as an adjudication of the rights of the plaintiff as against other defendants."

In the note following this case in 113 A. L. R. 1511, it is said:

"A difficult situation may be faced by a mortgagee who discovers that the State has acquired an interest in the mortgaged property. Although the interest acquired by the state is subject to the mortgage, it cannot be cut off so as to pass a marketable title to the purchaser at a foreclosure sale, unless the state can be joined in the foreclosure suit.

"The general rule is that a state may not be sued without

its consent. For cases to this effect, see annotations in 42 A. L. R. 1464, and 50 A. L. R. 1408 (States, No. 19, 20).

"Applying this rule, the courts have held that, in the absence of express consent, a state, or an officer who represents the state, may not be joined in a mortgage foreclosure suit, in order to cut off an interest acquired by the state in the mortgaged property subject to the mortgage.

"Thus, in Schwing v. Miles 367 Ill. 436, 11 N. E. 2d. 944, 113 A. L. R. 1504), where after the execution of a trust deed in the nature of a mortgage, the mortgage, the mortgaged property had been conveyed to the State for park purposes, and the State was in actual possession of the property, it was held that a suit to foreclose the trust deed could not be maintained against the state, in view of a constitutional provision that, 'The State of Illinois shall never be made defendant in any court of law or equity.'

"Although the nominal defendant was the director of the department of public works and buildings of the state, the state was regarded as the real party in interest, so that the suit was in effect one against the state.

"So, in Northwestern Mut. L. Ins. Co. v. Nordhues (1935) 129 Neb. 379, 261 N. W. 687, where, after a mortgage was recorded, the state had purchased a part of the premises from the mortgagor for highway purposes, it was held that the State could not be made a defendant in a suit to foreclose the mortgage. Although recognizing that the state's interest was subject to the mortgage, the court applied the rule that the state could not be sued without its consent, since the case was not within the provisions of a general statute authorizing certain types of suits against the state.

"And in Federal Land Bank v. Schermerhorn (1937) 155 Ore. 533, 64 P. (2d) 1337, where the state had acquired a lien on mortgaged property by recovering a judgment in a

criminal action against the mortgagor, it was held that the
state could not be made a defendant in a suit to foreclose
the mortgage, and be forced to contest or concede the inter-
est of the mortgagee in the property and to defend its in-
terest. The court applied the rule that the state could be
sued only with its permission, and held that no permission
for the suit was given by implication by a statute providing
that 'any person' might be made a defendant who claimed
an interest in the controversy adverse to the plaintiff, or by
a statute providing that 'any person having a lien subsequent
to the plaintiff upon the same property or any part thereof
* * * shall be made a defendant' in a suit to foreclose a lien.

"It was unsuccessfully contended, in each of the two
preceding cases, that a constitutional provision that prop-
erty should be taken for public use without just compensa-
tion had been violated, and that the provision was self-
executing and amounted to a consent by the State to the
foreclosure suit. Although rejecting this contention, the
court in Northwestern Mut. L. Ins. Co. v. Nordhues
(Neb.), *supra*, intimated that the constitutional provision
might permit a suit by the mortgagee against the state for
damages, pointing out the distinction between a suit to fore-
close and dispossess the state and an action against the state
at law for damages, and observing that the Constitution did
not forbid the taking of property, but guaranteed just com-
pensation for the taking.

"The proposition that a state may not be joined in a mort-
gage foreclosure suit, in order to cut off an interest acquired
by the state in the mortgaged property subject to the mort-
gage, in the absence of a statute expressly consenting to such
joinder, is also supported by Seitz v. Messerschmitt (1907)
117 App. Div. 401, 102 N. Y. S. 732 (Affirmed without
opinion in [1907] 188 N. Y. 587, 81 N. E. 1175). In that
case one who had mortgaged his property died, leaving no

heirs capable of inheriting it, so that the property passed to the state by escheat. In a suit to foreclose the mortgage, the attorney general was made a defendant in behalf of the state, and appeared without questioning the procedure. It was subsequently held that the title of the state had not been divested by the foreclosure sale, and that the purchaser did not obtain a marketable title, since the state could not be sued without its consent and the attorney general did not have the power to divest the state of real property by appearing in a foreclosure suit.

"And the question was raised, but not decided, in Bankers' Life Co. v. Miller (1934; Tex. Civ. App.) 68 S. W. (2d) 574, where a county which had purchased part of the land covered by a deed of trust for highway purposes, was made a defendant in a suit to foreclose the deed of trust, and alleged as a defense that the purchase was actually made for the state and that its interest could not be foreclosed. Since the state was not a party to the suit and was not contesting the right to foreclose, the court said: 'Whether or not the state could thus take mortgaged property without adequate compensation to the mortgagee, in violation of the provisions of our constitution, * * * and then successfully plead its immunity from suit when sued by the mortgagee, it is not necessary for us to determine.' It was held that the deed of trust could be foreclosed against the mortgagor and all of the record owners of the land who were parties to the suit.

"The present question—the right to join the state in a foreclosure suit, solely for the purpose of cutting off an interest acquired by the state subject to a mortgage which had been previously executed, while the property was privately owned, to secure a debt for which the state was in no way obligated—is distinguishable from that as to the right to foreclose a mortgage executed to secure an obligation of the

state or its agency. Where the state or its agency is a party to the original transaction in connection with which the mortgage is executed, the mortgagee necessarily takes the mortgage with knowledge of the immunity of the state from suit. Moreover, a suit to foreclose a mortgage executed to secure an obligation of the state or its agency has been regarded as in the nature of an action to enforce a contract of the state, which cannot be maintained without its consent. See, for example, Herring v. Houston Nat. Exch. Bank, (1922; Tex. Civ. App.) 241 S. W. 534, where the prison commissioners of the state had purchased land, giving their notes secured by a deed of trust on the land in part payment, holding that an action on the notes and to foreclose the deed of trust could not be maintained against the prison commissioners, since it amounted to a suit against the state without its consent.

"Of interest on the present question, but apparently also a case of the type just referred to, is Cunningham v. Macon & B. R. Co. (1883) 109 U. S. 446, 27 L. ed. 992. In that case the State of Georgia had endorsed the bonds of a railroad company, which were secured by a mortgage on its road, and, on default, the road was sold to the state under a power vested in its governor, the state taking possession of and operating the road. Thereafter, a holder of other bonds, also indorsed by the state and secured by a second mortgage on the same property, filed a bill to foreclose that mortgage, asserting that it was now the prior lien, and naming the Governor and other officers of the State as defendants. Holding that the bill could not be maintained, since the state was a necessary party but could not be sued without its consent, the court pointed out that the entire interest adverse to the plaintiff was in the state, that the state had 'the legal title to the property, and a purchaser under a foreclosure decree would get no title in the absence of the state,'

and that 'the state is in actual possession of the property, and the court can deliver no possession to the purchaser.'

"See also Christian v. Atlantic & N. C. R. Co. (1890) 133 U. S. 233, 33 L. ed. 589, not within the scope of the annotation on its facts, where the court followed the preceding case and made some comments which may be of interest in this connection.

"Apparently the alleged interest of the state, if it had been found to exist, would have been prior, rather than subject, to the mortgage which was being foreclosed in State, *ex rel.*, Woodward v. Smith (1926) 85 Ind. App. 56, 152 N. E. 836. In that case the state had obtained a judgment foreclosing a lien on land before the execution of a mortgage on it, and. since the state contended that its lien had not been satisfied by a payment which it never received, it was made a party, in a subsequent suit to foreclose the mortgage, to determine whether it still had any interest in the land. Holding that it did not, the court said that 'under the circumstances of this case there was no offense against the sovereign power of the state in making it a party to the action,' since the state by fair implication consented that it might be made a party, to determine the priority of its lien and whether its judgment had been satisfied, where it appeared and answered without a suggestion that it might not be sued, and filed a cross complaint asking affirmative relief.

"Where the state has acquired an interest in property subject to a mortgage, although the mortgagee cannot join the state in a foreclosure suit, yet he might have a remedy by an action against the state for damages, based on the constitutional right to compensation for property taken for public use. See Northwestern Mut. L. Ins. Co. v. Nordhues (1935) 129 Neb. 379, 261 N. W. 687, *supra.*

"Otherwise, since the courts have generally held that a state may not be joined in a mortgage foreclosure suit, in

order to cut off an interest acquired by the state in a mort-gaged property subject to the mortgage, in the absence of a statute expressly consenting to such joinder, it would seem that relief from the hardship created by this situation must come from the legislature."

It appears, therefore, to be so well settled as not to admit of further question that foreclosure will not lie against the State or a state agency in cases like the one now before us and that, therefore, the order and decree appealed from was without error and should be affirmed.

It is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.