Argued February 6; affirmed February 11, 1947

## LUCAS *v.* BANFIELD ET AL.
(177 P. (2d) 244)

*H. E. Slattery,* of Eugene, for appellant.

*G. W. Neuner,* of Salem (J. M. Devers, of Salem, on brief), for respondents.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, HAY and WINSLOW, Justices.

ROSSMAN, C. J.

This is an appeal by the plaintiff from a decree of the circuit court which dismissed his suit. The complaint sought a declaratory decree holding that a tract of land, 1.93 acres in extent, which is owned by the

appellant and which abuts upon the Pacific Highway, is entitled to direct ingress to and egress from that thoroughfare. The complaint alleges that "in the east side of the said highway next to plaintiff's said land there is a ditch that prevents ingress into and egress from the said land." It avers that the land is improved with an automobile service station and that two roadways, each 50 feet wide, leading across the ditch, are necessary to afford convenient ingress to and egress from the highway. According to the complaint, it will be necessary in the construction of the roadways to build bridges across the drainage ditch or place culverts in it. That pleading avers:

> "* * * the defendants fail and neglect to construct the said means of access and each of the said defendants individually and as said highway commission refuse to permit plaintiff to construct the same and threaten to resist plaintiff's constructing the same and will resist plaintiff's constructing the same unless enjoined from so doing; and there is a dispute between this plaintiff and each of the said defendants as individuals and as said highway commission as to whether or not that this plaintiff has the right to construct either of the said means of access; and that in order to prevent a breach of the peace it is necessary for the court to determine the rights of the parties relative to the plaintiff's constructing the said means of access; * * *."

The prayer seeks a decree holding that the plaintiff

> "has the right to construct a means of access between the said highway and said land; that the court will make a decree determining the respective rights of the parties hereto; and that the court will decree unto plaintiff such other and further relief as shall in the premises be equitable."

The plaintiff's land lies in Linn County near the city of Halsey.

The complaint described the Pacific Highway as a "state highway" and named as defendants T. H. Banfield, Arthur W. Schaupp and Merle Chessman "as individuals." It also named as defendants "the State of Oregon by and through its State Highway Commission consisting of the said T. H. Banfield, Arthur W. Schaupp and Merle R. Chessman."

Section 100-110, O. C. L. A., makes provision for a highway commission of three members. After service of the summons the Attorney General appeared specially and moved that service upon the State and upon the three members of the highway commission be quashed "upon the ground that the State of Oregon cannot be sued without its consent and the State of Oregon has not consented to be sued * * *." The motion was sustained. Later Messrs. Banfield, Schaupp and Chessman, as individuals, filed an answer from which it appears, as the appellant's brief concedes, that July 20, 1944, the predecessors in title of the appellant conveyed to the State a tract of land upon which the highway commission has constructed the section of thoroughfare with which the complaint is concerned. The deed of conveyance contained a provision which purports to be applicable to the tract which the complaint describes and which reads as follows:

"Grantors being the owners in fee simple of a larger tract of land * * * and being desirous of placing restrictions and limitations on the remainder of said lands now owned by them and abutting upon the lands covered by this deed, with respect to the rights of access of an owner of lands abutting upon a public highway, now, therefore, as part of the

consideration hereinabove stated, the grantors for themselves, their heirs, devisees, executors, administrators, and/or assigns, hereby sell, transfer, relinquish, and convey unto the grantee, its successors and assigns forever, all easement of way and all rights of ingress, egress and regress to and from and between the property described in the said deed hereinabove referred to and the portion of said property covered by this deed, except that rights of access to the highway are retained at the following designated places.

"At Engineer's Center Line Station 937 plus 50.

"It is expressly intended that this burden and covenant shall run with the land and shall forever bind the grantors, their heirs, devisees, executors, administrators, and/or assigns."

It is agreed that the highway commission constructed at Engineer's Station 937 plus 50 a roadway 24 feet in width.

■ The validity of the above-quoted provision and its applicability to the appellant's tract are the matters concerning which the complaint seeks a declaration. If the provision is valid, it seemingly grants the State easements, and, in the form of a covenant running with the land, places restrictions upon the tract which the appellant now owns in favor of the land which the State possesses. It is obvious that the State is as much concerned with the validity of that provision, its construction and its applicability to the appellant's land as is the appellant himself. But the State is no longer a party to this proceeding; and the assignments of error do not challenge the propriety of the order which quashed service upon the State and its officials. That order was manifestly valid: *Federal Land Bank v. Schermerhorn,* 155 Or. 533, 64 P. (2d) 1337; *Schwing v. Miles,* 367 Ill. 436, 11 N. E. (2d) 944, 113 A. L. R.

1504 (annotated); *Federal Land Bank v. State Road Department,* 134 Fla. 638, 184 So. 125; *Patterson v. City of Checotah,* 187 Okla. 587, 103 P. (2d) 97.

■ Section 11 of the Uniform Declaratory Judgments Act, which is § 6-611, O. C. L. A., says:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration."

It is clear that a declaratory judgment proceeding must be dismissed when relief is sought against the State and when it has not consented to be sued. See annotation, 114 A. L. R. at 1366.

The decree of the circuit court is affirmed. Costs and disbursements will be awarded to neither party.