EXECUTIVE AIR SERVICE, INC. *vs.* DIVISION OF FISHERIES AND GAME & others

(and a companion case[1]).

Suffolk. February 10, 1961. — April 3, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Commonwealth,* Proceeding against Commonwealth. *Equity Jurisdiction,* Declaratory relief, Proceeding against Commonwealth, Title to land.

A suit for a declaratory decree under G. L. c. 231A does not lie against the Commonwealth: the enactment of that chapter did not give consent of the Commonwealth to becoming a defendant in such a suit. [357–358]

The Commonwealth was the real party in interest in a suit in equity under G. L. c. 231A against it and others for a declaratory decree as to the validity of a deed of land to it, and by § 8 the suit could not continue to a declaratory decree after the sustaining of a demurrer of the Commonwealth to the bill based on the ground that such a suit does not lie against it. [358]

There is no jurisdiction under G. L. c. 258 to issue an injunction against the Commonwealth or to try its title to land. [358–359]

BILL IN EQUITY and PETITION, both filed in the Superior Court on August 30, 1960.

The cases were heard by *Smith,* J., on demurrers.

The cases were submitted on briefs.

*Allan M. Hale,* for Executive Air Service, Inc.

*George B. Rowlings & Peter W. Kilborn,* for Coonamessett Ranch Co.

*Edward J. McCormack, Jr.,* Attorney General, *& William D. Quigley,* Assistant Attorney General, for Division of Fisheries and Game & another.

WILKINS, C.J. These cases are here on report following the sustaining of demurrers (1) in the first case to a

---

[1] In the companion case the petitioner is the plaintiff in the first case, and the respondents are the Division of Fisheries and Game and the Commonwealth which with Coonamessett Ranch Co. are the defendants in the first case.

bill in equity for a declaratory decree under G. L. c. 231A, and (2) in the second case to a petition under c. 258, relating to claims against the Commonwealth.

## THE FIRST CASE.

The bill, which is brought against the Division of Fisheries and Game, the Commonwealth, and Coonamessett Ranch Co., makes these allegations. The plaintiff for many years has operated in the town of Falmouth an airport, known as the Coonamessett Airport and as The Falmouth Municipal Airport. The airport is located upon about eighty acres of land leased to it by the defendant Ranch company. The present lease, dated May 1, 1955, is for a term of ten years. Under date of July 28, 1958, the director of the defendant division,[1] acting under G. L. c. 131, § 25 (as amended through St. 1951, c. 535), acquired by purchase from the defendant Ranch company two parcels of land in Falmouth containing about 1,400 acres which include the land covered by the plaintiff's lease. In the deeds, which are subject to the plaintiff's lease, the Commonwealth is the grantee. The land is registered, and certificates of title have been issued by the Land Court. General Laws c. 131, § 25, provides that property cannot be acquired "without the approval of the selectmen," and such approval was not obtained. The defendant division has assumed control of the 1,400 acres, and has ordered the plaintiff to terminate its activities at the airport. One of the prayers is for a binding declaration as to the validity of the deeds and of the certificates of title.

There were two demurrers to the bill, one by the Commonwealth and the division and one by the Ranch company. One ground common to the demurrers is that proceedings under G. L. c. 231A will not lie against the Commonwealth. This ground of demurrer is good. Chapter 231A[2] relates

---

[1] See G. L. c. 21, §§ 7–7H.

[2] Chapter 231A, § 1, provides, "The supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations . . . ."

to procedure and does not deal with jurisdiction. *Worcester County Natl. Bank* v. *Commissioner of Banks,* 340 Mass. 695, 697. By enacting the declaratory judgment procedure the Commonwealth did not consent to become a defendant in this type of suit. "Under our system of jurisprudence the Commonwealth cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed in the statute." *Glickman* v. *Commonwealth,* 244 Mass. 148, 149. *Putnam Furniture Bldg. Inc.* v. *Commonwealth,* 323 Mass. 179, 185. *Franklin Foundation* v. *Attorney Gen.* 340 Mass. 197, 203.

In other States it is generally held that sovereign immunity is not affected by declaratory judgment procedure. *State* v. *Larue's, Inc.* 239 Ind. 56, 64–65. *Purity Oats Co.* v. *State,* 125 Kans. 558, 559. *Davis* v. *State,* 183 Md. 385, 393. *Lucas* v. *Banfield,* 180 Ore. 437, 441. *Hill* v. *Beeler,* 199 Tenn. 325, 331–333. *W. D. Haden Co.* v. *Dodgen,* 158 Texas, 74, 77. Borchard, Declaratory Judgments (2d ed.) 374. A similar view prevails in the Federal courts. See 62 Harv. L. Rev. 787, 821–825.

The case involves the title of the Commonwealth to real estate. The Commonwealth is the real party in interest, and the case cannot proceed without it. G. L. c. 231A, § 8, inserted by St. 1945, c. 582, § 1. See *Morgan* v. *Banas,* 331 Mass. 694, 698. This is not a situation such as that in *St. Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, where the agency was the only party directly concerned.

*Orders sustaining demurrers affirmed.*

### THE SECOND CASE.

The petition makes substantially the same allegations as did the bill in the first case. There are prayers for injunctive relief against the Commonwealth and the division, and for damages. There are two grounds of demurrer: (1) Failure to allege facts upon which the relief requested may be granted. (2) A petition under G. L. c. 258 may be brought for damages but not to try title to land or restrain the Commonwealth.

General Laws c. 258, § 1, provides, ''The superior court, except as otherwise expressly provided, shall have jurisdiction of all claims at law or in equity against the commonwealth. Such claims may be enforced by petition stating clearly and concisely the nature of the claim and the damages demanded . . ..'' The object of this statute ''was not to create a new class of claims for which the Commonwealth had never been held responsible, but to provide a convenient tribunal for the hearing of claims of the character that civilized governments had always recognized, although the satisfaction of them has usually been sought by direct appeal through the Legislature.'' *Arthur A. Johnson Corp.* v. *Commonwealth,* 306 Mass. 347, 351. The petitioner does not suggest and we are not aware of any statutory authority for the petition. See *Putnam Furniture Bldg. Inc.* v. *Commonwealth,* 323 Mass. 179, 185. There is no jurisdiction under c. 258 to issue an injunction against the Commonwealth. As we have previously noted in the first case, the Commonwealth has not consented to any procedure for adjudicating its title to this real estate. Accordingly, we do not need to discuss any question of damages which would depend upon the adjudication of such title.

*Order sustaining demurrer affirmed.*