SECOND CHURCH IN DORCHESTER *vs.* CITY OF BOSTON.

Suffolk.   December 4, 1961. — January 23, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Taxation,* Void tax.   *Equity Jurisdiction,* Declaratory relief, Tax.

A religious corporation which paid a tax illegally assessed on its parson-
age in view of its exemption under G. L. c. 59, § 5, Eleventh, as amended,
but which did not pursue its remedy either for the abatement of such
tax under c. 59, §§ 59–74, or for the recovery thereof as a void tax
under c. 60, § 98, showed no special circumstances entitling it to main-
tain a suit in equity against the city under c. 231A for a declaratory
decree that the tax was illegal and void and that the plaintiff was
entitled to repayment thereof.

BILL IN EQUITY, filed in the Superior Court on June 14,
1960.

The suit was heard by *Tomasello,* J.

*William H. Kerr,* for the defendant.

*Richard B. Dellheim,* for the plaintiff.

SPALDING, J.   On January first of each of the years 1954,
1955, 1956, and 1957, the plaintiff, a Massachusetts religious
corporation, was the owner of real estate at 6 Melville Ave-
nue in the Dorchester district of the city of Boston.   The
real estate during these years was used as a parsonage for
its house of worship.   In each of these years the defend-
ant's assessors included the parsonage in their annual valu-
ation list at a valuation of $7,700 and assessed to the plain-
tiff taxes respectively of $188.46, $188.46, $212.49, and
$232.20 which were the proper taxes payable on a taxable
valuation of $2,700.   The plaintiff paid each bill within the
year it was assessed.   None of these payments was made
"after . . . a levy on its goods, a notice of a sale or taking
of its real estate, a written protest signed by it, or a with-
holding of money due it."   Prior to 1953 the plaintiff was
entitled to an exemption of $5,000 for its parsonage under
G. L. c. 59, § 5, Eleventh, as amended by St. 1938, c. 317.

In 1953, the exemption was increased to $10,000, St. 1953, c. 231. Prior to the present proceeding, which was commenced on June 14, 1960, no action to recover any of the aforementioned sums was instituted by the plaintiff.

The present proceeding is for declaratory relief under G. L. c. 231A, inserted by St. 1945, c. 582, § 1, and was submitted on the foregoing statement of agreed facts. The judge ordered a decree to be entered declaring (1) that the taxes assessed against the plaintiff were illegal and void and (2) that the plaintiff was entitled to recover back the amounts paid. From a decree in accordance with this order, the defendant appealed.

The defendant concedes that the plaintiff was entitled to an exemption of $10,000 for each of the four years involved, and that the assessments were illegal. The defendant contends, however, that no relief can be given under c. 231A in view of the specific statutory remedies. We agree. The Legislature has set up two methods for recovery of taxes paid. The first is a proceeding in abatement under G. L. c. 59, §§ 59–74. *Norwood* v. *Norwood Civic Assn.* 340 Mass. 518, 523. There was obviously no compliance in the present case with the requirements for an abatement. The other procedure for recovery of taxes wrongfully assessed and paid is an action to recover back taxes under G. L. c. 60, § 98. There are certain conditions precedent to maintenance of such an action, none of which was complied with in the present case: first, the action must be "commenced within three months after payment of the tax"; and second, no action can be brought unless the payment has been made under protest or under certain modes of compulsion, mentioned in the statute.

The plaintiff's contention that § 98 is not applicable because the assessment was totally void, and therefore not a "tax," is without merit. The very purpose of § 98 is to allow recovery of void taxes. "An action of contract . . . to recover a tax under G. L. c. 60, § 98, cannot be maintained unless the tax is wholly void. That has been frequently determined." *Central Natl. Bank* v. *Lynn,* 259 Mass. 1, 6.

In certain exceptional instances this court has upheld the granting of declaratory relief in the discretion of the court in certain tax controversies where to do so would constitute "a convenient means of promoting justice and will not unduly interfere with the collection of taxes." *Meenes* v. *Goldberg,* 331 Mass. 688, 691. *Madden* v. *State Tax Commn.* 333 Mass. 734, 735-737. *Squantum Gardens, Inc.* v. *Assessors of Quincy,* 335 Mass. 440, 443. *Stow* v. *Commissioner of Corps. & Taxn.* 336 Mass. 337, 339-340. *Bettigole* v. *Assessors of Springfield, ante,* 223, 235-236. In granting declaratory relief in the *Squantum Gardens* case the court stated, "Nothing here said, however, should be construed as indicating that this court approves use of bills for declaratory relief, rather than the appropriate administrative procedures for tax abatement, in cases which involve no special considerations, comparable to those here present and present in the *Madden* case" (page 443).

Despite the unfortunate loss to the plaintiff because of having paid, without protest and suit, taxes in the years 1954 to 1957, this is not a case where resort may be had to declaratory relief under c. 231A. The only apparent purpose of seeking such relief is to circumvent the bar of the three months' limitation on actions contained in G. L. c. 60, § 98,[1] and the provisions applicable to abatements. The plaintiff is not faced with uncertainty about liability for a tax which remains unpaid or about which it and others similarly situated may have to engage in burdensome and duplicating litigation; nor is it faced with a tax as to which it at no time had a convenient and effective statutory remedy. In short, no special circumstances have been shown for invoking declaratory relief in a tax case. Chapter 231A was not intended to enlarge substantive, as opposed to procedural, rights in a case of this sort. See *Executive Air Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356, 357-358.

---

[1] It has been held elsewhere that declaratory procedure cannot be employed to circumvent statutes of limitations. See *Maguire* v. *Hibernia Sav. & Loan Soc.* 23 Cal. 2d 719, 733-734; *Leahey* v. *Department of Water & Power of Los Angeles,* 76 Cal. App. 2d 281, 285, 287; *Finlayson* v. *West Bloomfield,* 320 Mich. 350, 355-358. See also Anderson, Declaratory Judgments (2d ed.) § 341.

The plaintiff cannot recover back the tax in these proceedings. That portion of the decree which declared that the tax was void need not be affirmed for it would not terminate the controversy. G. L. c. 231A, § 3. The final decree, therefore, is reversed and a new decree is to be entered dismissing the bill.

<em>So ordered.</em>