Fremont-Smith, J.
Plaintiff, JWP Credit Corporation (JWP), filed suit against defendants, the City of Boston, John C. Simmons in his capacity as the Collector-Treasurer, and Richard Cohen, Constance Holmes, and Valerie Ifill, as they constitute the Board of Assessors, seeking relief in relation to certain personal property taxes paid by JWP to the City of Boston. JWP seeks a declaratory judgment that the tax assessed and paid is void (Count I), a ruling that defendants are estopped to refuse a refund because of alleged misrepresentations made to JWP by an employee of the City of Boston (Count II), and a declaratory judgment that the tax assessed is in violation of the Massachusetts Constitution (Count III). Defendants now move to dismiss the complaint for lack of jurisdiction over subject matter, pursuant to Mass.R.Civ.P. 12(b)(1), for failure to state a claim upon which relief may be granted, pursuant to Mass.R.Civ.P. 12(b)(6), and for misnomer of a party, pursuant to Mass.R.Civ.P. 12(b)(8).
For the following reasons, defendants’ motion to dismiss for lack of jurisdiction is DENIED; defendants’ motion to dismiss for failure to state a claim is DENIED as to Counts I and II and ALLOWED as to Count III; and defendants’ motion to dismiss for misnomer of a party is ALLOWED with plaintiff given leave to amend the complaint to name the correct defendants.
FACTUAL BACKGROUND
The following allegations of the complaint are taken as true for purposes of this motion.
On or about December 31, 1992, JWP received a tax bill from the City of Boston for a tax due of $46,792.30 and on March 15, 1993 paid one half the amount, $23,396.15, without a letter of protest. By letter dated May 6, 1993, JWP notified the City of Boston that the property was exempt as stock in trade and requested that the account be removed from the Assessors’ records and that it be sent the necessary forms in order to obtain a tax refund.
Immediately thereafter, a tax consultant for JWP, Michael H. Palamidy, spoke with Conrad DiGregorio, Manager of the Personal Property Section of Boston’s Assessing Department. DiGregorio requested a Certificate of Incorporation and copies of the leases for the equipment that had been taxed. DiGregorio told JWP that it should have filed a request for an abatement on the appropriate form but represented that the property was exempt as stock in trade, that DiGregorio would approve the exemption, and that JWP would receive a full refund of the amounts paid.
In reliance upon the representations of DiGregorio, JWP then forwarded a second check, dated May 7, 1993, for $23,858.77, again without a letter of protest, *353 and took no further action to abate or recover the tax until, in letters dated July 7, 1993 and October 13, 1993, JWP requested updates on its request for a refund of the taxes paid. On December 2, 1993, JWP received a notice from the Assessing Department refusing to grant an abatement or a refund and filed this action on July 27, 1994.
DISCUSSION
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville, supra at 89.
Counts I and II
Normally, the statutory procedures for abatement, G.L.c. 59, §59, and for recovery of taxes, G.L.c. 60, §98, are the exclusive methods for obtaining a refund of taxes paid. Chapter 59 requires a taxpayer to file an application for abatement on the approved form within thirty days of the mailing of the tax bills, whereas c. 60 requires a taxpayer to commence an action for recovery of a tax paid within three months of payment in full made under protest. “Unless the administrative remedy is ‘seriously inadequate’ under all the circumstances of the case, it should not be displaced by an action for declaration.” Sydney v. Commissioner of Corp. and Tax., 371 Mass. 289, 294 (1976), quoting Leto v. Assessors of Wilmington, 348 Mass. 144, 149 (1964). Similarly, declaratory relief may not be used solely to circumvent the three month limitations period on actions to recover taxes paid, G.L.c. 60 §98. Second Church in Dorchester v. City of Boston, 343 Mass. 477, 479 (1962). There must exist special circumstances to invoke declaratory relief. Id.
However, declaratory relief may be sought where special or exceptional circumstances warrant such relief. D’Errico v. Assessors of Woburn, 384 Mass. 301, 306 (1981). There is no precise definition of the “special circumstances” which can support the maintenance of a declaratory judgment action but they may consist of any important, novel, or recurrent issue. Id. at 295.
JWP alleges that it reasonably relied upon defendants’ untruthful assurances and advice when it failed to protest its May 7, 1993 payment and failed to sue for recovery of the tax paid within three months thereafter. It contends that this unusual and inequitable situation presents a special circumstance adequate to invoke the declaratory judgment statute.
While it is true that defendants’ alleged misconduct on May 6, 1993 could not have induced JWP to forego its long-expired remedies under G.L.c. 59, §59, the Court rules that a factual question is raised whether or not plaintiff was wrongly induced to neglect its remedy pursuant to G.L.c. 60, §98. The court further concludes that such wrongful inducement, if reasonably relied upon by plaintiff to lose its right to recover an erroneously-paid tax, would satisfy the legal prerequisite of a “special circumstance.’’[2] Accordingly, the Court finds that JWP has stated a claim upon which relief may be granted pursuant to G.L.c. 231 A, §§1 & 5.
Count III
In Count III of the complaint, JWP contends that defendants deprived it of rights secured by the Constitution of the Commonwealth of Massachusetts, Part 2, Chapter 1, Section 1, Article 4, which requires that property taxes be proportional and reasonable and forbids imposition of taxes on one class of persons or property at a rate different from that applied to other classes. Opinion of the Justices, 208 Mass. 616, 618 (1911). JWP fails to state a claim upon which relief may be granted in regard to such constitutional issues, however, as the complaint alleges no disproportionate assessment scheme but merely a mistaken assessment of exempt properly. See Leto v. Assessors of Wilmington, 348 Mass. 144, 150 (1964). Accordingly, defendants’ motion to dismiss is allowed as to Count III.
MOTION TO DISMISS FOR MISNOMER OF A PARTY
There is no Massachusetts case law interpreting Rule 12(b)(8) so that the Court should look to any federal interpretation. The Massachusetts and Federal Rules of Civil Procedure allow for amendments of process, in the court’s discretion, provided there is no prejudice to the other parties. Mass.R.Civ.P. 4(g); Fed.R.Civ.P. 4(h). Amendments to correct misnomers of parties have been allowed under Fed.R.Civ.P. 4. Boatman v. Thomas, 320 F.Supp. 1079 (D. Pa. 1971) (amendment to correct name of defendant allowed where defendant was on notice of the suit and was not prejudiced by the amendment).
As there is no showing of bad faith by plaintiff or prejudice to defendants, plaintiff will be allowed leave to amend the complaint to correct any misnomer.
ORDER
For the foregoing reasons, defendants’ motion to dismiss for lack of jurisdiction is DENIED; defendants’ motion to dismiss for failure to state a claim is DENIED as to Counts I and II and ALLOWED as to Count III; and defendants’ motion to dismiss for misnomer of a *354 party is ALLOWED but plaintiff is given leave to amend the complaint to correct any misnomer, such amended complaint to be served and filed within twenty days.

Since plaintiffs action under c. 60 did not accrue until the entire tax was paid, its right to sue for recovery of its March 15, 1993 one-half payment had not expired at the time of the alleged misrepresentation. See First National Bank of Boston v. Boston, Civil No. 87-1589 (Suffolk Super. Ct.).