## WINSLOW v. STOOTHOFF.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. MORTGAGES—CONVEYANCE OF EQUITY—LIABILITY OF MORTGAGOR—RELEASE —EXTENSION.

> An extension of the time for payment of the mortgage given by the mortgagee to the owners of the equity without the consent of the mortgagor releases the mortgagor from his obligation, as such, to the extent of the value of the land.

2. SAME—ASSUMPTION BY OWNER OF EQUITY—EFFECT.

> A direct assumption by the owners of the equity of the principal sum of the mortgage and interest thereon, in consideration of an extension of the time for payment of the mortgage, binds the owner of the equity as a primary obligee, and not merely as surety for the mortgagor; and he cannot recover from the mortgagor the amount of a deficiency judgment rendered against him and the mortgagor in foreclosure proceedings, and paid by him, although the extension was independently consented to by the mortgagee.

Appeal from Special Term, Kings County.

Action by Frederick K. Winslow against Stephen W. Stoothoff. From a judgment for plaintiff, defendant appeals. Reversed.

Stephen W. Stoothoff, the defendant, mortgaged certain Brooklyn property to Frank C. Lang. By mesne conveyances the title became vested in Harriet A. Winslow, subject to the Stoothoff mortgage. Harriet A. Winslow de-

vised the premises to Delia C. Winslow, Frances A. Winslow, and Louisa Winslow. Subsequently Lang began a suit to foreclose the mortgage, whereupon Delia C. Winslow, Frances A. Winslow, and Louisa Winslow made an agreement with Lang by which, in consideration of an extension of the time for the payment of the mortgage, they bound themselves to pay the principal sum and interest. This extension agreement contained the following provision: "Nothing herein contained shall invalidate any of the securities now held for said debt, or impair any condition in said bond and mortgage contained." Lang obtained Stoothoff's consent to the extension on the copy of the agreement which he retained, which consent was in the following words: "In consideration of the foregoing extension of the time of the payment of the mortgage therein described, I hereby consent to the same and waive all defenses that I may have on account of said extension." The Winslows were not informed of this consent until long after it was given. Subsequently the executors of an assignee of the mortgage began an action to foreclose the same; making the Winslows, who had previously sold the property, and Stoothoff, parties to the suit, and asking judgment against them for any deficiency. In that action a deficiency judgment was obtained against the Winslows and Stoothoff for $677.90. This judgment was paid by Frederick K. Winslow, the plaintiff, who is the assignee of any rights of Delia C. Winslow, Frances A. Winslow, and Louisa Winslow. Frederick K. Winslow thereupon brought this action to compel Stoothoff to pay the amount of the deficiency judgment, and has succeeded at Special Term, where it was held that his consent to the extension of the mortgage continued his status as the primary debtor, and that upon paying the amount of the deficiency judgment the Winslows became entitled to recover that amount from him.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John T. Sackett, for appellant.

Melville J. France (Abram H. Dailey, on the brief), for respondent.

WILLARD BARTLETT, J. The extension given to the Winslows would have operated to release Stoothoff from his obligation as mortgagor to the extent of the value of the land, if that extension had been given without Stoothoff's consent. Murray v. Marshall, 94 N. Y. 611; Antisdel v. Williamson, 165 N. Y. 372, 59 N. E. 207. The consent to the extension was obviously obtained to prevent this result. The assumption by the Winslows of the payment of the principal sum and interest secured by the bond and mortgage, in consideration of the extension, had nothing to do with Stoothoff's liability. It was an independent promise to satisfy the mortgage debt, made in order to secure a postponement in the enforcement of the mortgage against the land for a period of three years. The Winslows did not thereby agree to pay the mortgage debt if Stoothoff failed to pay it, but they assumed its payment absolutely. When, therefore, they were forced to pay, they were paying, not Stoothoff's debt, but their own. I cannot see how the fact that the deficiency judgment might be enforced against Stoothoff in any manner operates to relieve the Winslows from their obligation under a wholly independent agreement made between them and the mortgagee. No privity between them and Stoothoff was created by his consent to the extension, which was a transaction wholly between him and the mortgagee, in no wise affecting the enforceability of their promise to pay the mortgage debt.

The extension agreement was fully executed so far as the mortgagee is concerned, and he thereupon became entitled to enforce that part of it which bound the Winslows to pay the mortgage debt.

For these reasons, it seems to me that the judgment at Special Term should have been the other way, and I therefore advise a reversal.

Judgment reversed and new trial granted; costs to abide the final award of costs. All concur, except HOOKER, J., not voting.