RAY EIDENMILLER, APPELLEE, V. STATE OF NEBRASKA: DEPARTMENT OF PUBLIC WORKS, APPELLANT.

FILED NOVEMBER 21, 1930. NO. 27665.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* for appellant.

*George M. Harrington* and *M. F. Harrington, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ.

Goss, C. J.

This is a case under the employers' liability law. Ray Eidenmiller secured a judgment for compensation against the department of public works of the state of Nebraska. Defendant appealed. Eidenmiller cross-appealed because of the refusal of the court to allow the claimed balance on his doctor's bill.

On October 29, 1926, in Holt county, while appellee was employed under appellant, he was injured by the premature explosion of dynamite used in the construction of the public highway on which he was working. The parties agree that it arose out of and in the course of his employment, that he was entitled to compensation and was paid for 109 weeks. Then compensation ceased to be paid. Appellee began to enforce his alleged right. The proceeding was against the department of public works only. The state was not made a party to the proceedings before the compensation commissioner. A hearing was had before the state compensation commissioner at Lincoln, and on April 12, 1929, the commissioner made an award, ordering the employer to pay a bill for drugs and a doctor's bill for a certain amount and thereupon to be discharged; and finding and ordering that the employee had fully recovered and had received all compensation due as a result of his injuries.

The employee promptly appealed, filing his petition April 13, 1929, in the district court for Holt county. He alleged that "he was employed by the department of public works of the state of Nebraska, and thereby by the state of Nebraska." He made both the state of Nebraska and the department of public works of the state of Nebraska defendants. Two days later summons was duly served and on April 23, 1929, the defendants filed their special appearance objecting to the jurisdiction of the district court over them on the ground that the state was not a party to the original proceedings before the compensation commissioner and is not a proper party in this appeal, and on the ground (supported by an attached affidavit) that the department of public works of the state of Nebraska has

its domicil in Lancaster county, Nebraska, where, it recited, except by "consent, which is not given, the district court has exclusive appellate jurisdiction." On February 8, 1930, the plaintiff dismissed the state without prejudice to a future action. On March 21, 1930, the court overruled the aforesaid special appearance of the department of public works of the state of Nebraska, to which order it excepted; and on March 27, 1930, this, the only defendant remaining, answered to the merits of the petition. In this answer it did not plead over as to its privilege from suit in any county other than Lancaster. The answer shown in the transcript appears to have been signed by the attorney general, by one of his assistants, and by local counsel in Holt county, and to be verified in Lancaster county by the secretary of the department of public works. Trial to the court resulted in a judgment for compensation. based on permanent disability for life.

Appellant assigns error in overruling the special appearance. In this court the settled rule, where private parties are litigants, requires a defendant, whose special appearance is overruled and who answers to the merits, to plead his objections to the jurisdiction in his answer. Otherwise, he waives the objection. *Gaines v. Warrick,* 113 Neb. 235; *Adams v. Guthrie & Co.,* 113 Neb. 192; *First Bank of Ulysses v. Warren,* 113 Neb. 361. Appellant urges that this rule does not apply here because the suit against the department of public works is in effect a suit against the state; that there was no jurisdiction to sue the state in any other county than Lancaster, where the state capital is; and that neither the attorney general nor the secretary of the department of public works has any power to waive this constitutional jurisdiction.

Section 22, art. V of the Constitution of Nebraska, provides: "The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suit shall be brought."

The legislature has provided: "The state may be sued in the district court of the county wherein the capital is

situated." Comp. St. 1922, sec. 1105, Comp. St. 1929, sec. 27-324.

The legislature has also provided with respect to the operation of the employers' liability law: "The provisions of this act shall apply to the state of Nebraska and every governmental agency created by it." Comp. St. 1922, sec. 3029. This was amended, without changing these words, in chapter 134, Laws 1927, now section 48-106, Comp. St. 1929. Also section 3038, subd. 1, Comp. St. 1922, amended by chapter 39, Laws 1927, defines an employee as: "Every person in the service of the state or any governmental agency created by it, under any appointment or contract of hire, express or implied, oral or written," etc. Comp. St. 1929, sec. 48-115.

The legislature further provided that all appeals from the award of the compensation commissioner "may be submitted to the district court of the county which would have jurisdiction of a civil action between the parties." Comp. St. 1922, sec. 3060. That provision was in effect when this appeal was taken. It is interesting to note that an act of the legislature was approved, without an emergency clause, on April 22, 1929, so amending section 3060, Comp. St. 1922, now section 48-137, Comp. St. 1929, as to require a compensation award to be heard on appeal in the district court of the county in which the accident occurred unless the parties shall stipulate in writing that it shall be heard in some other county. Laws 1929, ch. 81, sec. 1. This act did not go into effect until July 24, 1929, and so did not operate legally on the case under consideration as to jurisdiction of the appeal which was then pending in the district court.

The legislature declared the civil administration of the laws of the state to be vested in the governor and, "for the purpose of aiding the governor in the execution and administration of the laws," divided the "executive and administrative work" into six "departments of the state government." One of these is "the department of public works." Comp. St. 1922, secs. 7242, 7243. These sections were in force until July 24, 1929 (and therefore controlled

the present case), when they were amended. Laws 1929, ch. 51. This amendment did not disturb the assignment of duties to the department. Comp. St. 1929, sec. 81-101.

We have cited and quoted various sections of the statute rather fully in an effort to collect here, and record for the benefit of those who may read this opinion, the pertinent authority from the legislature, upon which must be determined whether this suit of the employee against the department of public works is a suit against the state.

We have had no case in this court where the questions have been raised and decided exactly as presented now. But *Nebraska National Guard v. Morgan*, 112 Neb. 432, is helpful. Morgan, while employed by the adjutant general of the state in charge of the annual encampment at Ashland, as one of the carpenters to prepare shed kitchens for each company, received an injury arising out of and in the course of his employment. Among other things it was contended by the state that Morgan was not an employee of the state of Nebraska. The opinion refers to the statutes relating to the organization of the active militia, making the governor the commander in chief and vesting control in the adjutant general, subordinate only to the governor, and holds that the Nebraska National Guard is a governmental agency of the state in the preparation for the encampment, and that Morgan was an employee thereof. The statutes of the United States make the National Guard a part of the regular army only while "in service of the United States." The National Guard was not in service of the United States when Morgan was injured. He was in the authorized employment of the National Guard, which the court described as "essentially a state institution." He was employed by the adjutant general, on work authorized by the legislature and paid for out of state funds provided by the legislature. The effect of the decision is to hold that the injured employee was an employee of the state through its agency, the Nebraska National Guard. There, as in the instant case, no point was sought to be made by the state, nor by its employing agency, that there was no primary liability against the agency as such, and therefore that the compen-

sation proceedings should have been brought against the state of Nebraska, as principal, rather than against its said agent by name. So, the question not having been raised here, we do not expressly decide whether the compensation proceedings should have been brought against the state rather than against the department of public works of the state of Nebraska alone. When such issue is properly raised and necessary to a decision we shall consider and decide it. But we are of the opinion that this suit was begun and was carried on, in effect, as a suit against the state, the defendant here being what is sometimes called a "direct agent" of the state, carrying on, in the language of the legislature, the "executive and administrative work" of the state duly assigned to this particular department. Indeed, as we have shown in the statement of the case, the employee alleged that "he was employed by the department of public works of the state of Nebraska, and thereby by the state of Nebraska."

The state was privileged from a suit against it in Holt county at the time this appeal from the award was carried on. The department of public works was likewise, in the circumstances, immune from suit in Holt county and the district court should have sustained its motion to quash the service upon it. But the appellee argues that, when the department of public works answered to the merits without pleading over as to the privilege, it waived this question of jurisdiction.

*McShane v. Murray*, 106 Neb. 512, was a case wherein plaintiff, the owner of certain land, sued defendant, a lessee of state school land. There was involved the question of the true boundary between the holdings. The suit was brought in Sheridan county. The state was made a party. Without interposing any objections, the state, through its attorney general, answered to the merits, went to trial, lost, and appealed, as did Murray, the lessee. In this court the state contended for the first time that there was no authority to sue it under the Constitution and laws and that the judgment was void. The opinion reviews section 22, art. V of the Constitution, and the statutes involved. It shows

that no act of the legislature has authorized the suit against the state. It rules that the appearance of the attorney general in behalf of the state and his failure to object to the jurisdiction did not so bind the state as to give the decree against it any validity. The rule is stated in the syllabus in these words: "Where by its Constitution the state is immune from suits against it except as the legislature otherwise provides, the immunity thus provided cannot be waived by a voluntary general appearance in the case and a participation in the trial thereof upon its merits by the attorney general in an unauthorized action brought against the state."

The principle involved is applicable here. Neither the attorney general nor the secretary of the department of public works had the power to waive the only venue then authorized by the legislature on appeals in a state compensation case, where the state was, in effect, the real party, and to transfer that venue from Lancaster county to Holt county. The Constitution vested that power in the legislature, and not in any law officer of the state or executive employee of the state. This in no way affects the rule as to private litigants stated in *Gaines v. Warrick*, and other cases, *supra*.

Having reached the conclusions stated, it is not necessary to go into the merits of the judgment of the district court on other matters complained of by the appellant nor by the cross-appellant. The judgment of the district court is reversed, with directions to dismiss the cause of the plaintiff, without prejudice to such procedure elsewhere as he may find it legally or practically desirable to pursue.

REVERSED.