WILLIAM A. McNEEL, APPELLEE, V. STATE OF NEBRASKA ET AL., APPELLANTS.

FILED FEBRUARY 6, 1931. No. 27558.

*C. A. Sorensen, Attorney General, L. Ross Newkirk* and *W. R. Raecke,* for appellants.

*Hoagland, Carr & Hoagland, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Rose, J.

This is an action at law to recover damages for breach of contract. August 11, 1925, the state of Nebraska and the county of Merrick employed plaintiff to grade approximately four miles of public highway in Merrick county. A contract in writing, including specifications, was executed by the parties. Plaintiff rented a complete grading outfit and entered upon the performance of his contractual duties. In his petition it is alleged that defendants violated their contract, failed to prepare for the work to be performed by him, ordered him to quit October 15, 1925, and prevented further performance on his part. His entire claim consists of $6,898.86 for breach of contract and of $1,034.83 for loss of profits, or a total of $7,933.69. He received $3,782.57 and claims the remainder or $4,151.12. For the latter sum plaintiff commenced this action against the state in the district court for Lincoln county under authority of a resolution adopted by the house of representatives March 17, 1927, permitting him to do so. The petition was assailed by demurrer on the grounds that it did not state facts sufficient to constitute a cause of action, and that it did not make Merrick county a defendant, though a party to the grading contract. Later the petition was amended and Merrick county was joined as a defendant. Defendants filed objections to the amending of the petition, stating, among other grounds, that the district court was without jurisdiction to determine the cause. The trial court overruled the demurrer and the objections to jurisdiction. The answer of defendants to the amended petition contained pleas that the state adjusted the claim of plaintiff for damages by contracting with him for additional grading, and that he completed the original and supplementary contracts and received compensation in full for both and accepted $17,146.37 in

complete and final settlement including his claim for damages.

Upon a trial to the district court without a jury, judgment was rendered against defendants for $3,471.75 and they appealed.

On appeal it is argued by defendants that the district court for Lincoln county was without jurisdiction to entertain the action or to determine the controversy and that consequently the proceedings and judgment below are void. In this connection it is contended that the action is based on, or arises out of, a contract, as distinguished from a tort, and cannot be maintained against the state in an independent suit, the only judicial remedy being an appeal to the district court for Lancaster county from a decision of the auditor of public accounts, rejecting the claim in whole or in part. On the contrary, plaintiff states his position as follows:

"When the legislature permits a suit to be brought against the state upon any claim, whether tort or contract, the court has jurisdiction to determine the controversy irrespective of the remedy which the claimant may have by appeal from the auditor."

Plaintiff relies on the second clause of the statute containing the following language:

"The several district courts of the judicial districts of the state as now provided for and established by the Constitution of the state, and of such judicial districts as may hereafter be provided by law, shall have jurisdiction to hear and determine the following matters: First. All claims against the state filed therein which have previously been presented to the auditor of public accounts, and have been in whole or in part rejected or disallowed. Second. All claims or petitions for relief that may be presented to the legislature, and which may be by any law, or by any rule or resolution of the legislature, or either house thereof, referred to either of said courts for adjudication." Comp. St. 1929, sec. 27-319.

The latter or "second" clause quoted must be considered with what precedes it and with the following constitutional and statutory provisions:

"The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought." Const. art. V, sec. 22.

"The legislature shall provide by law that all claims upon the treasury shall be examined and adjusted by the auditor and approved by the secretary of state, before any warrant for the amount allowed shall be drawn. Provided, that a party aggrieved by the decision of the auditor and secretary of state may appeal to the district court." Const. art. VIII, sec. 9.

"The state may be sued in the district court of the county wherein the capital is situate, in any matter founded upon or growing out of a contract, expressed or implied, originally authorized or subsequently ratified by the legislature, or founded upon any law of the state." Comp. St. 1929, sec. 27-324.

"The auditor of public accounts shall keep a record of all claims presented to him for examination and adjustment and shall therein note the amount of such claims as shall be allowed or disallowed, and in case of the disallowance of all such claims, or any part thereof, the party aggrieved by the decision of the auditor and secretary of state may appeal therefrom to the district court of the county where the capital is located within twenty days after receiving official notice." Comp St. 1929, sec. 77-2607.

In view of the constitutional and statutory provisions relating to claims against the state and the judicial interpretations thereof, the legislation conferring upon the district courts jurisdiction to hear and determine "all claims against the state filed therein which have previously been presented to the auditor of public accounts, and have been in whole or in part rejected or disallowed," includes "any matter founded upon or growing out of a contract, expressed or implied, originally authorized or subsequently ratified by the legislature, or founded upon any law of the state,"

while "all claims or petitions for relief that may be presented to the legislature, and which may be by any law, or by any rule or resolution of the legislature, or either house thereof, referred to either of said courts for adjudication," apply to claims based on wrongs or torts. In other words, claims in the first of the statutory classes are based on, or arise out of, contracts with the state, and claims in the second of the statutory classes are not included in the first but are based on wrongs or torts committed by departments, officers or agencies of the state. A claim in the first class must be presented to the auditor with the right of appeal from his decision and the second must be presented to a district court with legislative authority to sue the state. Comp. St. 1929, sec. 27-319; *State v. Stout,* 7 Neb. 89; *Peterson v. State,* 113 Neb. 546; *Pickus v. State,* 115 Neb. 869.

Where the statutes provide an exclusive remedy against the state and a particular forum for judicial trial, one branch of the legislature alone cannot extend jurisdiction to another forum. The constitutional provision that "The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought," does not confer on a single branch of the legislature power to extend jurisdiction beyond that limited by statute. Since the Constitution and statutes provide that "matter founded upon or growing out of a contract, expressed or implied," require such a claim against the state to be presented to the auditor of public accounts with the right of claimant to appeal from an adverse decision to the district court where the capital is located, a single branch of the legislature cannot confer on another district court jurisdiction to entertain and determine an action "founded upon or growing out of a contract, expressed or implied."

Is plaintiff's action based on contract or tort? The grading contract into which the parties entered was authorized by law. The improvement of the highway was legitimate business of the government. The legislature made appro-

priations available to plaintiff for the payment of his compensation upon performance of his contractual duties. Laws 1925, ch. 21, sec. 15. By means of claims against the state and warrants drawn by the auditor of public accounts on the state treasurer, plaintiff received part of his stipulated earnings. The remainder of his claim is based solely on failure of the state to comply with its contract to provide clay for surfacing and on failure to permit him to perform his duties without delay and on failure to permit him to complete the job. Negligence or other active wrongs are not charged or proved. Mere breach of contract is the basis of his claim for damages. A statement of the law supported by precedent follows:

"The mere breach of an ordinary contract does not constitute a tort, and if there is no liability except that arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort cannot be maintained." 1 C. J. 1016, sec. 139, notes 52 and 53, and cases cited therein, including *Russell & Co. v. Polk County Abstract Co.,* 87 Ia. 233.

The gist of an action for tort is a wrong or breach of duty imposed by law as distinguished from a mere breach of contract. 1 C. J. 1019, sec. 141, note 33. An independent wrong or an unlawful act committed by a contracting party or his agent may of course give rise to an action for tort, but this is not a case of that kind. In *Benda v. State,* 109 Neb. 132, and in *City of Chadron v. State,* 115 Neb. 650, there were independently of contract, wrongful acts by employees of the state.

The state's immunity from suit in the district court for Lincoln county was not waived by the appearance of the attorney general therein. *McShane v. Murray,* 106 Neb. 512; *Eidenmiller v. State, ante,* p. 430.

The conclusion is that the action is based on contract and that the district court for Lincoln county did not have jurisdiction to entertain or determine the cause. The judgment below is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.