CHRISTIAN CORNEHLSEN, as Executor of MINNIE CORNEHLSEN, Deceased, Appellant, v. ANTOINETTE DUDENSING, et al., as Executors and Trustees under the Will of Richard Dudensing, Deceased, et al., Respondents. — Order granting motion by defendants to dismiss the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice upon the sole ground that the complaint does not state facts sufficient to constitute a cause of action, reversed on the law, with $10 costs and disbursements, and the motion denied, with $10 costs. The complaint states a good cause of action against all of the defendants at law. When a motion is made to dismiss on the ground stated, it must fail if the facts stated in the complaint are sufficient to constitute any

cause of action (*Reese* v. *Associated Indemnity Corp.*, 266 App. Div. 862; *Wainwright & Page* v. *Burr & McAuley*, 272 N. Y. 130; *Abbey* v. *Wheeler*, 170 N. Y. 122), and for the purposes of the motion the allegations of the complaint are to be taken as true and to be deemed recitals of established facts. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198, 201; *O'Connor* v. *O'Connor*, 263 App. Div. 820, affd. 288 N. Y. 579.) With the allegations so interpreted, there was no release resulting from the extension agreements. (*Commercial Casualty Ins. Co.* v. *Roman*, 269 N. Y. 451; *Murray* v. *Marshall*, 94 N. Y. 611; *Winslow* v. *Stoothoff*, 104 App. Div. 28; 50 C. J., Principal and Surety, § 202.) Defendants are given ten days to answer after the entry and service of the order to be entered hereon. Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur.