39TH–40TH CORP., Plaintiff, *v.* PORT OF NEW YORK AUTHORITY, Defendant.

Supreme Court, Special Term, New York County, September 24, 1946.

*Walter B. Caughlan, Jr.,* and *Leander I. Shelley* for defendant appearing specially.

*Bijur & Herts* for plaintiff.

BOTEIN, J. Defendant Port of New York Authority has moved to dismiss the complaint upon the grounds that it, as a governmental agency of the States of New York and New Jersey, enjoys a derivative sovereign immunity from suit and that the complaint does not state facts sufficient to constitute a cause of action.

The inclusion of a branch of the motion directed at the sufficiency of the complaint raises an " objection  *  *  *  in point of law " constituting a general appearance (Civ. Prac. Act, § 237) and, despite the statement of special appearance indorsed upon the notice of motion, subjects the defendant to jurisdiction in this action (*Montgomery* v. *East Ridgelawn Cemetery,* 182 Misc. 562). The logical inconsistency inherent between a claim by a defendant that he is not properly before the court but that, if he be, there is no ground to hold him, impels insistence by the courts that a motion upon the merits presupposes that the party so moving is before the court (*Armstrong* v. *Langmuir,* 6 F. 2d 369, 371). Although the defendant, as a governmental agency of the States of New York and New Jersey, is clothed with general immunity from suit (*Hergott* v. *Port of New York Authority,* 269 App. Div. 770; *LeBeau Piping Corp.* v. *City of New York,* 170 Misc. 644; *Voorhis* v. *Cornell Contracting Corp.,* 170 Misc. 908), its immunity is no higher in character than the source from which it is derived. Since immunity of a State of our Federal union is susceptible of waiver and is lost when it appears generally in a litigation (*Porto Rico* v. *Ramos,* 232 U. S. 627; *Clark* v. *Barnard,* 108 U. S. 436, 447; *De Simone* v. *Transportes Maritimos do Estado,* 200 App. Div. 82, 84–85), it necessarily follows that the same rule must be applied where a State agency, otherwise immune, has appeared generally.

This resolution of defendant's preliminary objection necessitates a determination of the sufficiency of the complaint. The gravamen of the causes of action therein alleged is that the defendant has " signified and advised and put the plaintiff on notice " that it desired to acquire certain real property owned by plaintiff; that plaintiff thereupon offered to sell the property to defendant who refused to buy it or make any offer for it; that plaintiff demanded that defendant, if it was not willing to meet plaintiff's price, either " withdraw its stated desire to acquire the premises " or " promptly institute condemnation proceedings " (a power vested in defendant) ; and that defendant has refused to comply with either alternative of the demand. It is alleged that the property in question is unimproved and in its present condition is incapable of producing income equal to taxes, capital charges and maintenance expenses and that, in order to render the premises productive of a proper income, it will be necessary to improve the premises by the erection of an appropriate structure. This, the plaintiff alleges, it is fearful of doing, since it might run the risk that defendant may contend in a future condemnation proceeding that plaintiff should not be compensated for the cost of any improvement made. The plaintiff asserts these facts as the basis for its allegation that " defendant claims or might claim an interest in the premises adverse to that of the plaintiff." Plaintiff seeks, in its first cause of action, the relief provided for in article 15 of the Real Property Law, upon which that cause of action is based, and in its second cause of action a judgment, pursuant to section 473 of the Civil Practice Act, declaring and defining the rights of the parties.

The complaint, regardless of its form or demand for relief, must stand or fall on its " real essentials " (*Niagara Falls Power Co.* v. *White*, 292 N. Y. 472, 480). The plaintiff seeks to bring itself within the purview of article 15 of the Real Property Law, which sanctions an action to compel the determination of a claim to real property. Such an action may be maintained " to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make * * *." (Real Property Law, § 500, subd. 1.) The adverse claim to be determined must be that of " an estate or interest in the real property " which is the subject of the action (Real Property Law, § 502, subd. 1, par. [b]).

Favoring the complaint by every intendment and fair inference as required (*Navarro* v. *Fiorita*, 271 App. Div. 62, 64; *Cornehlsen* v. *Dudensing*, 270 App. Div. 1037, 1038), it nevertheless fails to state facts sufficient to constitute a cause of action under article 15 of the Real Property Law. The defendant makes no adverse claim of an estate or interest in the plaintiff's real property within the meaning and intendment of section 500 and paragraph (b) of subdivision 1 of section 502 of the Real Property Law. The fact that the defendant has indicated a desire to or may at some future date acquire plaintiff's property for a public use is but a normal risk of ownership of real estate to which all property owners are subject. This does not, however, constitute any claim of an interest or estate in plaintiff's real property.

Defendant's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is accordingly granted. Settle order.