Per Curiam.

While a passenger in a taxicab owned and operated by defendant William E. Vincent, plaintiff was injured when, as he contends, it ran into the rear end of an automobile owned by defendant National Transportation Co., Inc., driven by one Avallone. Avallone was a taxicab driver too, and knew Vincent. Plaintiff called Avallone and Vincent as his witnesses. Vincent testified that on the day of the accident, April 21, 1945, while he was driving his cab, in which plaintiff was a passenger, along the Grand Concourse in The Bronx, approaching Tremont Avenue, going slowly, Avallone passed and cut in front of him, then suddenly stopped his auto. That is Vincent’s explanation of how he came to run into the rear end of the other automobile. Avallone’s testimony is different. He denied that he cut in front of Vincent or that he stopped suddenly, but testified that he stopped on the Grand Concourse waiting for the traffic light to change at Tremont Avenue; that he waited for three or four seconds, during which he saw Vincent approaching from the rear through his rear-view mirror, and that Vincent kept on coming *383 and contacted the rear end of his auto. Avallone and Vincent minimize the severity of the contact between the two vehicles — it was just a ‘ ‘ hello tap ’ ’, Avallone said, that is, merely a form of greeting between two taxi drivers. Both drivers were interested on the same side of that issue.
The contact was severe enough, however, so that plaintiff’s daughter, Tanya P. Lipkind, testified that it was a “ crash ”, and that plaintiff was thrown forward in the taxicab between the two folding seats, and hit the back of the front seat with considerable force. He fell “ prostrate ”, according to her, and hit hard enough to be rendered unconscious for a brief period. Later, as a result of a continuing pain in his breast bone, plaintiff had X rays taken, which revealed that he sustained a fractured sternum.
The dismissal of the complaint against defendant Vincent appears to have been granted on the theory that plaintiff was bound by the testimony of Avallone and Vincent that the contact was slight, and by Tanya P. Lipkind’s statement that Avallone cut into Vincent’s taxicab rather than that the latter, without reasonable excuse, struck the rear end of Avallone’s car.
Regardless of whether a party has the right to impeach his own witness, he may contradict him (Quick v. American Can Co., 205 N. Y. 330), and, in order to establish a prima facie case, may have the benefit of the most favorable state of facts which can be taken from the entire record by reasonable and fair intendment (Cornehlsen v. Dudensing, 270 App. Div. 1037). That means that a complaint may not be dismissed on the law, if plaintiff would be entitled to recover upon any combination of facts proven.
Here, the severity of the contact between the two motor vehicles is attested prima facie by the evidence given by plaintiff, Mrs. Lipkind, and the roentgenologist; and that Vincent ran into the back end of Avallone’s car without excuse is proven by Avallone. Regardless of whether this evidence holds together when weighed by the triers of the fact, it was sufficient to establish plaintiff’s right to have the case submitted to a jury.
The judgment appealed from should be reversed, and a new trial granted as to defendant Vincent, with costs to appellant to abide the event.
Dore, P. J., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered as to the defendant William E. Vincent, with costs to the appellant to abide the event.