Owen McGivern, J.
This is an application by the respondent for an order to dismiss a writ of habeas corpus served on the respondent in the city of New York on February 6, 1956. Until and prior to October 1,1955, the respondent, it appears from the petition, lived in New York, was employed and is still employed in New York, and still leases an apartment, in which his own furniture is housed, in New York. If the petition be factually cqrrect, the roots of the respondent would seem to be in this State. The petitioner, father of the infant, is a resident of New York. He seeks return of his five-month-old infant daughter, now physically present in a home in Westport, Connecticut, leased by the respondent as a furnished house until June, 1956.
In a prior proceeding, a writ also seeking custody was dismissed by the Supreme Court of Westchester County, per Bailey, J., in a decision dated January 30, 1956. The instant petition alleged new matter, to wit, fraud as practiced by the respondents by reason of their intent to circumvent the more stringent laws pertaining to adoption in New York, and that they falsely represented to the Probate Court of Connecticut that they were and are bona fide residents of that State.
In entertaining the petition before this court, and in overruling the objections of the respondent, this court must function for the State as parens patries, and cannot retreat from its continuing duty to inquire into the current question of what is best for the child now, regardless of what has gone before. The Westchester proceeding cannot be regarded as a bar; the decision in which it eventuated was predicated on the bona fide nature of the claimed Connecticut residence of the respondent, now challenged as fraudulent; the question of fraud was not then presented or considered, nor was there an inquiry as to the New York residence of the respondent and his wife, and no mention was made of the transcendent right of the parents of the child involved, a right that is inescapably the basis of any proceeding relative to an infant. This right must be viewed in the light of the axiom that the residence of the child is the residence of its parents, and is particularly and poignantly true in this matter, as the child involved was born in New York to the petitioner, then under 21 years of age, and to his wife, then only 18 years of age, at a time when both were lawfully married to each other. Their paramount right to their own infant *1032 daughter cannot be thwarted by the simple device, now urged as fraudulent, of the respondent’s taking a short-term lease on a furnished home in Connecticut. The continuous and daily presence of the respondent in New York where his source of income is, affords New York jurisdiction over him; concededly he has the child in his control and custody, and the jurisdiction of our courts is not impaired by the fact he chooses to keep the child over the State line.
In addition, the respondent, due to the extent of the relief asked for in his motion, appears to have waived his reservation as to jurisdiction herein (39th-40th Corp. v. Port of New York Auth., 188 Misc. 657, Botein, J.).
Accordingly, within the factual framework of this matter, and under all the circumstances, the special appearance is overruled, and the matter is set down for hearing before this court, on February 24,1956, at 10:00 a.m. All parties, together with their witnesses and attorneys, are directed to appear, Part XII of this court.