Samuel M. Gold, J.
Respondent moves to dismiss this custody; proceeding on the ground that the infant involved is not in the State of New York. The decision in People ex rel. Gaines v. Luria (292 N. Y. 623) was based “ on the ground that the infant is outside the State of New York, living with her father ” who was also a nonresident of the State. In the subsequent case of People ex rel. Kenny v. Kenny (277 App. Div. 578, 579) the court held that there was no power in the courts of this State to take the custody of the boy, not present in this State, from his mother with whom the boy resided, both being residents of Colorado, at least “ without any testimony being taken ”. In the instant case, the respondent is a resident of this State who has full control over the infant son of the parties. The fact that the son is presently kept by the father outside the State does not oust this court of jurisdiction (People ex rel. Ludden v. Winston, 61 App. Div. 614, affg. 34 Misc. 21, Scott, J.; People ex rel. Billotti v. New York Juvenile Asylum, 57 App. Div. 383; People ex rel. Hahn v. Haines, 3 Misc 2d 1030). It is -to be * noted that People ex rel. Ludden v. Winston (supra) was decided after People ex rel. Winston v. Winston (31 App. Div. 121) relied upon by respondent and involving the same child and the same parties.
In view of the fact that the infant son of the parties, though outside the State, is maintained by respondent, who is a resident of this State and who has full control over the boy, the motion to dismiss the proceeding for lack of jurisdiction is denied. The respondent is directed to produce the boy before this court so that testimony may be taken on the issue of custody. *998 It is to be noted that the boy is being kept by the respondent in an undisclosed location in France and that if the present writ were dismissed the relator would have no way of knowing where to maintain a proceeding for the return of her son to her.
Settle order.