Louis B. Heller, J.
In this action to determine the rights of the parties under an automobile liability insurance policy issued by the plaintiff to the defendant Malone, plaintiff moves for multiple relief, i.e., for summary judgment; an order pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings; and for an order striking out the counterclaim of the defendant pursuant to rule 109 (subds. 5, 6) of the Rules of Civil Practice.
It is admitted that the defendant Malone was insured by the plaintiff under an automobile liability insurance policy on September 28, 1961, the day on which the defendant’s vehicle was involved in an automobile accident with the defendant Miles. The policy provided that notice of the accident was to be given in writing as soon as practicable and notice of claim and/or suit immediately. It is further undisputed that no notice of either the occurrence of the accident or claim or suit had been given to the plaintiff until December 19,1961, some 82 days after the occurrence of the accident.
As a defense and pleaded as a counterclaim, the defendant asserts that she mistakenly and erroneously believed that her liability insurance carrier was the Allstate Insurance Company and forwarded a notice of the accident and all other data to that company; that when suit was instituted against her on October 19, 1961, she forwarded the summons and complaint to the same carrier. The basis for her erroneous belief that Allstate Insurance Company was her carrier was that as a member of the assigned risk she had previously been insured by this company and had continued to send her premiums to her own broker, laboring under that belief. On December 12, 1961 Allstate Insurance Company for the first time informed her that it was not her insurance company and that from their investigation the plaintiff was her carrier.
Defendant, after inquiry, determined that the renewal of her policy of insurance had been placed with the plaintiff and immediately forwarded the papers to the plaintiff, who disclaimed liability. It is the defendant’s defense that as a matter of law she gave notice of the accident as soon as practicable and had duly performed all of the terms and conditions required on her part to be fulfilled. Relief is requested by the defendant declaring that plaintiff is obligated to defend the action under the terms of the policy and that plaintiff be required to reimburse her for all sums expended by her for reasonable counsel fee in the defense of the action.
*380 The provisions of the policy relative to notice stem from the language of section 167 (subd. 1, par. [d]) of the Insurance Law. The Court of Appeals in Deso v. London & Lancashire Ind. Co. (3 N Y 2d 127) in construing an identical clause as in the instant policy, held that a failure of the insured to give timely notice to the insurer is a breach of the conditions of the policy calling for notice as soon as practicable, unless a satisfactory explanation or mitigating circumstances, such as absence from the State, lack of knowledge of the occurrence or its seriousness, is presented and that the reasonableness of such delay under such circumstances is one of fact and for the court or jury (see Mason v. Allstate Ins. Co., 12 A D 2d 138; Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304; Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51; Gluck v. London & Lancashire Ind. Co., 2 A D 2d 751, affd. without opinion 2 N Y 2d 953; Lukin v. Mass. Bonding & Ins. Co., 28 Misc 2d 876). It is the court’s opinion that the facts pleaded sufficiently fall within the ambit of these authorities. The reliance of the plaintiff on Reina v. United States Cas. Co. (228 App. Div. 108, affd. without opinion 256 N. Y. 537) in support of its contention is clearly distinguishable. There the court stated: 1‘ The only excuse or explanation offered is that through his inadvertence and mistake notice was sent to the wrong company. No claim is made that he did not know of the change of coverage ” (p. 110; emphasis supplied).
In the instant situation the entire counterclaim is predicated on such a claim. Under the circumstances, the new matter pleaded raises a sufficient issue of fact warranting a disposition by a trier of the facts and the motion for summary judgment and judgment on the pleadings is denied.
As to the relief sought pursuant to rule 109 of the Rules of Civil Practice, the court must, where a defense or counterclaim is challenged for legal insufficiency, assume the truth of the allegations contained therein (Miller v. Cassini, 259 App. Div. 118) and all the rules which govern a motion to dismiss a complaint for legal insufficiency apply to such a counterclaim. Such a motion must fail if the facts stated are sufficient to constitute any cause of action (Cornehlsen v. Dudensing, 270 App. Div. 1037). An examination of the counterclaim in the light of the foregoing clearly establishes that the defendant has pleaded a good cause of action for a declaratory judgment declaring that plaintiff is obligated to defend the action subject to the trier of the facts finding that the explanation given by the defendant is satisfactory and of such a mitigating nature as to comply with the terms of the policy. The defendant specifically sets forth in paragraph Fourth the obligation of the plaintiff to pay on *381 behalf of the insured all sums which the defendant shall be legally obligated to pay as damages. Accordingly, this phase of the motion must be denied even though the defendant fails to plead the basis for seeking the additional relief requiring the plaintiff to reimburse her for sums expended for defending the action. The counterclaim is silent as to whether such obligation, if any, arises from the terms of the policy.