CAROLYN K. POINTER, INDIVIDUALLY AND AS ASSIGNEE OF JERRY POINTER, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

363 N.W.2d 164

Filed February 15, 1985. No. 83-907.

Barlow, Johnson, DeMars & Flodman, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The plaintiff has appealed an order of the district court which dismissed her petition seeking damages under the State Tort Claims Act, Neb. Rev. Stat. §§ 81-8,209 et seq. (Reissue 1981), because of the lack of personal jurisdiction over the State of Nebraska.

As a result of a July 12, 1978, automobile accident, plaintiff filed a claim for damages with the State of Nebraska State Claims Board as required by the State Tort Claims Act. This claim was denied on December 18, 1980, and she filed her petition in the district court for Cass County. She caused summons to be served on the State of Nebraska by delivery to the Secretary of State. Section 81-8,212 requires service to be made on the Attorney General. At that point, it is obvious that no jurisdiction had been obtained over the State of Nebraska.

However, rather than raising that issue by special appearance, or simply ignoring the ineffective service, the Attorney General filed a motion to strike; voluntarily appeared and waived argument on the motion; filed an answer and counterclaim; filed a motion for continuance; successfully participated in a bifurcated trial on the issue of the statute of limitations, following which the court dismissed plaintiff's petition; appeared in court and argued against plaintiff's motion for a new trial, which was granted; stipulated with opposing counsel for continuance of a hearing; and filed a written objection to a certificate of readiness. For the first time, on June 20, 1983, 2 days after the deadline for filing a petition under § 81-8,227, the Attorney General raised the issue of jurisdiction due to improper service by filing a written motion to dismiss.

As a general rule, after a defendant has made eight general appearances in court, an objection to personal jurisdiction would be ludicrous. This court has written several opinions in the past which suggest that, in the absence of authorization, the

Attorney General is not authorized to enter a voluntary appearance on behalf of the State. Those cases are cited in the trial judge's memorandum opinion and order: *Catania v. The University of Nebraska*, 204 Neb. 304, 282 N.W.2d 27 (1979); *Anstine v. State*, 137 Neb. 148, 288 N.W. 525 (1939); *McNeel v. State*, 120 Neb. 674, 234 N.W. 786 (1931); *Eidenmiller v. State*, 120 Neb. 430, 233 N.W. 447 (1930); *McShane v. Murray*, 106 Neb. 512, 184 N.W. 147 (1921).

However, in *Catania*, also a State Tort Claims Act suit, the Legislature had waived sovereign immunity as to the subject matter but had specifically mandated that venue for such actions must be laid in the county where the injury occurred and that such requirement could not be waived. Similarly, *McNeel* and *Eidenmiller* were venue cases and, as such, involved subject-matter jurisdiction. In *McShane* there simply had been no waiver of sovereign immunity by the Legislature, and consequently it would be apparent that a voluntary appearance would be ineffective. Finally, *Anstine*, although involving a statute which permitted the State to be sued, failed to provide for a method of obtaining jurisdiction. This court at that time simply refused to accept the notion that a statute which required service of summons "as in civil causes" applied to the State of Nebraska.

The Legislature, by enacting the State Tort Claims Act, has waived the sovereign immunity of the State in certain actions, including the one here involved. Section 81-8,218 provides: "The Attorney General shall represent the state in any suit brought under this act, and is authorized to compromise or settle any such suit, with the approval of the court in which such suit is pending."

"*If the state has consented to be sued*, a failure to serve process in an action against it is immaterial if the attorney general appears voluntarily . . . ." (Emphasis supplied.) 81A C.J.S. *States* § 321 at 1007 (1977).

In *State v. Omega Painting, Inc.*, 463 N.E.2d 287 (Ind. App. 1984), a painting contractor sued the State of Indiana on a certain contract. The Indiana rules of procedure required, in suing a governmental organization, that service of summons must be made on both the executive officer of the organization and the Attorney General. Although the facts are not

completely clear, it appears that at least the executive officer of the organization was not served.

That court held that the requirements of the rules of procedure were mandatory even though the word "may" was used. The court then stated:

> It is undisputed that the agency was not served with a copy of the complaint and summons by Omega. This should result in a failure of process and constitute proper grounds for dismissal upon the State's motion. However, it is also true that a party not otherwise subject to the personal jurisdiction of the court may, nevertheless, submit himself to the court's jurisdiction. . . . This may occur when such a party either fails to timely object to the court's jurisdiction or seeks affirmative relief from the court. . . . Such submission will preclude any further contention that the court lacked *in personam* jurisdiction.

*Id.* at 290. In that case the State served interrogatories, which Omega claimed waived any jurisdictional question. The court replied:

> In this we are constrained to agree with Omega. While the State could have properly preserved the question of jurisdiction in its answer and then proceeded with a defense on the merits, by filing its interrogatories prior to the assertion of the defense, the State has waived the jurisdictional issue.

*Id.* at 293. See, also, *39th-40th Corp. v. Port of New York Authority*, 188 Misc. 657, 65 N.Y.S.2d 712 (1946).

We simply hold in this case that in those instances where the Legislature has waived the State's sovereign immunity as to a particular cause of action and has designated a person or official as the agent of the State upon whom summons may be served, that person or official validly may enter a voluntary appearance for the State, thereby waiving the issue of *in personam* jurisdiction. To the extent that *Anstine v. State*, 137 Neb. 148, 288 N.W. 525 (1939), and other similar cases conflict with this opinion, they are overruled.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.