REQUESTED BY: Senator John Hilgert Nebraska State Legislature
In your opinion request letter, you state that, "I am interested in an opinion of the Attorney General to determine whether a State Senator can become a member of the Nebraska National Guard." You then list as possible concerns "employee status conflicts, and conflicts related to the separation of powers between the Governor of Nebraska and the President of the United States due to separate allegiances that are required for serving in both the capacity of as [sic] a National Guard member and as a State Senator." Our response to your question is set out below.
We have discussed your opinion request with members of your staff, and we understand that your question concerning service in the Nebraska National Guard by a member of the Legislature contemplates a situation where the Legislator serves in the Guard as a commissioned officer rather than as an enlistee. We also understand that the officer position in the Guard at issue would not be as a full time member of the Adjutant General's staff, but instead would involve part time service as a commissioned officer in the Guard. We will respond to your question within those parameters.
Art. XIV, § 1 of the Nebraska Constitution states that, "[t]he Legislature may provide for the personnel, organization, and discipline of the militia of this state." In addition, Art. IV, § 14 of the same document provides that, "[t]he Governor shall be commander-in-chief of the military and naval forces of the state (except when they shall be called into the service of the United States) and may call out the same to execute the laws, suppress insurrection, and repel invasion." Apart from those constitutional provisions, the Nebraska statutes governing the Nebraska National Guard are found generally as a part of the Military Code, Neb. Rev. Stat. §§ 55-101 through55-180 (1993, Supp. 1995). Under §§ 55-120 and 55-121, the Military Department in Nebraska consists of an Adjutant General appointed by the Governor and such additional military and civilian staff as prescribed by the laws of this State and the United States. Section 55-137 provides that officers in the Military Department shall be commissioned by the Governor, and that their commissions shall designate the arm, staff corps or department and/or the unit to which they are assigned. Section55-157 provides for the compensation of military officers when they are in the active service of the State.
The United States Code also contains a number of federal statutes dealing with the National Guard forces of the various states and their interface with the regular armed forces of the United States. Those statutes are found generally in Title 32 of the United States Code which deals specifically with the National Guard, and Title 10 of the United States Code which deals with the national armed forces. Under 32 U.S.C. § 307, commissioned officers in the Nebraska National Guard are eligible for Federal recognition. Federal recognition, in turn, means that the commissioned officer in the Nebraska National Guard is also simultaneously a commissioned officer in the reserve component of the equivalent federal service at the same grade. For example, a captain in the Nebraska Army National Guard would, upon Federal recognition, also become a captain in the federal Army Reserve. 32 U.S.C. § 312 also requires that persons appointed as officers of the national guard of a state must subscribe to the following oath:
 I, . . ., do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of . . . . against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I will obey the orders of the President of the United States and of the Governor of the State of . . . ., that I make this obligation freely, without any mental reservation or purpose of evasion, and that I will well and faithfully discharge the duties of the office of . . . . in the National Guard of the State of . . . . upon which I am about to enter, so help me God.
With those various constitutional and statutory provisions in mind, it appears to us that there are problems with a member of the Nebraska Legislature serving as a commissioned officer in the Nebraska National Guard in two areas. The first problem arises under Art. III, § 9 of the Nebraska Constitution, which states:
 No person holding office under the authority of the United States, or any lucrative office under the authority of this state, shall be eligible to, or have a seat in the Legislature. No person elected or appointed to the Legislature shall receive any civil appointment to a state office while holding membership in the Legislature or while the Legislature is in session, and all such appointments shall be void.
An office is a public station or employment, conferred by the appointment of government; and embraces the ideas of tenure, duration, emolument and duties. State ex rel. O'Connor v.Tusa, 130 Neb. 528, 265 N.W. 524 (1936). An office can also be considered "a governmental position, the duties of which invest the incumbent with some aspect of the sovereign power."State ex rel. Spire v. Conway, 238 Neb. 766, 772,472 N.W.2d 403, 407 (1991). Those definitions would appear to apply to commissioned military officers as well to civil officers, and indeed, the broadest and most comprehensive division of officers in our system of government is into civil and military. 63A Am.Jur. 2d Public Officers and Employees § 15. When offices are divided into civil and military, the term "civil office" is used in contradistinction to "military office." 67 C.J.S. Officers § 5. As a result, since the initial sentence of Art. III, § 9 does not distinguish between military or civil offices, it appears to us that the prohibitions contained in that portion of the Nebraska Constitution apply equally to military as well as civil offices. Under that analysis, an individual who holds a military office under authority of the United States or a lucrative military office under authority of the State is prohibited from serving in the Legislature.
Our analysis of Art. III, § 9 is supported in two respects. First of all, the second sentence of that constitutional provision specifically applies only to civil appointments. The fact that the second sentence of Art. III, § 9 specifically references civil appointments in itself indicates that the first sentence of Art. III, § 9 was intended to apply to both civil and military offices. If that were not the case, there would have been no reason to specifically limit the second sentence to "civil appointment[s] to a state office."
Second, the Supreme Court's discussion of Art. III, § 9 in State ex rel. Spire v. Conway, supra, also supports our conclusion. In the Conway case, the Supreme Court engaged in a detailed discussion of Art. III, § 9 to illustrate the fact that prohibitions against dual office holding have strengthened in Nebraska over time. The Court's discussion is instructive in the present instance, and we will quote from it at some length:
 The earliest predecessor of article III, § 9, which prohibits dual office holding by legislators, was Neb. Const. art. II, § 14, of the Constitution of 1866:
 No person being a member of congress, or holding any military or civil office under the United States, shall be eligible to a seat in the legislature; and if any person shall, after his election as a member of the legislature, be elected to congress, or be appointed to any office, civil or military, under the government of the United States, his acceptance thereof shall vacate his seat.
 The analogous provision adopted in 1875 as article III, § 6, was much broader; the disability extended not only to those holding office under the authority of the United States, but also to those holding any lucrative office under the authority of the state:
 No person holding office under the authority of the United States, or any lucrative office under the authority of this state, shall be eligible to or have a seat in the legislature; but this provision shall not extend to
precinct or township officers, justices of the peace, notaries public, or officers of the militia; nor shall any person interested in a contract with, or an unadjusted claim against the state, hold a seat in the legislature.
 That the framers thought it necessary to provide an explicit exception for "precinct or township officers, justices of the peace, notaries public or officers of the militia" indicates that the disqualifications of the holder of "any lucrative office under authority of this state" was intended to have broad scope. Clearly, the framers did not
envision it as applying only to constitutional officers.
 In 1972, this disqualification was again expanded. The exceptions for justices of the peace, notaries public, and precinct, township, and militia officers were dropped and a new disqualification was added. . . .
 This review of the evolution of article III, § 9, shows a continuing expansion in the disqualification placed upon legislators' holding other government positions.
238 Neb. at 779, 780, 781, 472 N.W.2d at 411, 412 (emphasis added).
As illustrated by the discussion in the Conway
opinion, the prohibitions contained in the constitutional provision at issue originally applied equally to military and civil offices. A subsequent version of the Nebraska Constitution then specifically exempted officers in the militia from the provisions preventing dual office holding.[1]
However, the Constitution was amended again, and the provision specifically exempting officers of the militia was removed.
It seems to us that this history of Art. III, § 9 supports the notion that the dual office prohibitions contained in the first sentence of that section apply equally to military and civil officers. Otherwise, it would have not have been necessary to exempt officers in the militia from those prohibitions for a time. And, that exemption has been subsequently removed. Therefore, we believe that the dual office prohibitions established in the initial portion of Art. III, § 9 apply to commissioned military officers, and an individual who holds a military office under authority of the United States or a lucrative military office under authority of the State is prohibited from serving in the Legislature.
In the present instance, a commissioned officer in the Nebraska National Guard would hold a lucrative military office under authority of this State. That is, such an officer would hold a commission from the Governor under authority of the appropriate portions of the Nebraska Military Code, and such an officer would be paid for his military service. In addition, a commissioned officer in the Nebraska National Guard would also quite likely hold a military office under authority of the United States, since we understand that it is the normal practice for Guard officers to be federally recognized and to hold a simultaneous office in the federal Army Reserve equivalent to their rank in the National Guard. Consequently, we believe that service as a commissioned officer in the Nebraska National Guard is incompatible with service as a member of the Nebraska Legislature on the basis of Art. III, § 9 of the Nebraska Constitution.
We also believe that dual service as a commissioned officer in the Nebraska National Guard and as a member of the Nebraska Legislature is prohibited by the Separation of Powers provision in the Nebraska Constitution. That provision, Art. II, § 1, provides:
 The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
The Conway case, supra, dealt extensively with the Separation of Powers provision and its application to members of the Legislature. In Conway, the court held that state Senator Gerald Conway could not both serve in the Legislature and also act as an assistant professor at Wayne State College. The Court indicated that such dual service violated Article II, Section 1 since Senator Conway was an officer in the Legislative branch of government and also an employee within the Executive branch of government through his employment at Wayne State. In the course of theConway opinion, the Court set out the following rule which governs the application of Article II, Section 1 to the activities of state government officials:
 . . . article II prohibits one who exercises the power of one branch — that is, an officer in the broader sense of the word — from being a member — that is, either an officer or employee — of another branch.
State ex rel. Spire v. Conway, 238 Neb. at 782,472 N.W.2d at 412.
In the present situation, it is clear that a member of the Nebraska Legislature is an officer in the Legislative branch of government. As a result, under the Conway test, he or she cannot be either an officer or an employee of another branch of government. However, as discussed below, we believe that commissioned officers in the Nebraska National Guard are officers in the Executive Branch of government. Therefore, underConway and Art II, § 1, members of the Legislature cannot also serve as a commissioned officers in the Guard.
In Nebraska National Guard v. Morgan, 112 Neb. 432,199 N.W. 557 (1924), the Nebraska Supreme Court considered whether a civilian carpenter employed by the National Guard to work on the Guard's training facilities was an employee of the State for purposes of the Workers' Compensation statutes. The Court concluded that he was, and in the course of its opinion, the Court made the following observation:
 While the Nebraska National Guard is subject to the call of the federal government and thereupon becomes a part of the national army, until so called it is essentially a state institution, subject to the call of the Governor as commander in chief for military service within the state in time of war, invasions, riots, rebellion, insurrection, or reasonable apprehension thereof . . ., and is a state governmental agency.
112 Neb. at 435, 199 N.W. at 558, 559. (emphasis added). Consequently, on the basis of the Morgan decision, it is clear that the Nebraska National Guard is an agency of the State of Nebraska unless it is acting under call of the federal government. See also Eidenmiller v. State,120 Neb. 430, 233 N.W. 447 (1930).
It also appears clear that the National Guard is a part of the Executive branch of state government, for two reasons. First, that is the general rule from other jurisdictions.Mountcastle v. State, 193 Okla. 506, 145 P.2d 392
(1944); Herlihy v. Donahue, 52 Mont. 601, 161 P. 164
(1916); State v. Moore, 76 Ark. 197, 88 S.W. 881
(1905); 53 Am. Jur. 2d Military, and Civil Defense, § 38. Second, the Governor is commander in chief of the Guard, and the Constitutional provision creating that authority, Art. IV, § 14, is located in the article establishing the Executive in the Nebraska Constitution.
As discussed at some length above, military officers in the Nebraska National Guard are officers of the State of Nebraska.[2] Since the Nebraska National Guard is an agency of the State of Nebraska and part of the Executive Branch of state government, officers of the Guard are officers in the Executive Branch. As such, they cannot also serve in the Legislative Branch as members of the Nebraska Legislature under the rule set out in the Conway decision based upon Art. II, § 1 of the Nebraska Constitution.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
APPROVED BY:
Don Stenberg
Attorney General
[1] Under Neb. Rev. Stat. § 55-105 (1993), a commissioned officer in the Nebraska National Guard is also an officer of the active militia of the State of Nebraska.
[2] On the other hand, enlisted members of the Guard are not employees of the State of Nebraska, at least for purposes of the Workers' Compensation Statutes. Lind v. Nebraska NationalGuard, 144 Neb. 122, 12 N.W.2d 652 (1944).